OPINION OF THE COURT
Meyer, J.
This appeal requires that we interpret section 296 (subd 10, par [c]) of the Executive Law which proscribes discrimination in employment because of sabbath observance, but excepts from its proscription an employer other than the State, a political subdivision or a school district "where the uniform application of terms and conditions of attendance to employees is essential to prevent undue economic hardship to the employer”. The subdivision puts the burden of proof on the employer in any proceeding in which applicability of its proscription is in issue. We hold that the employer failed to sustain its burden under the circumstances of this case because it made its determination not to employ the complainant solely on the basis of the judgment of its own officers and employees that accommodation of his sabbath problem was not feasible and did not make a good faith effort, through inquiry addressed to other employees or negotiation with the union, to seek accommodation. We therefore reverse the order of the Appellate Division and reinstate the determination of the Human Rights Appeal Board.
The evidence before the hearing officer establishes the following as undisputed facts: James Amrhein, a Seventh Day Adventist and a machinist, applied to Schweizer Aircraft Corporation for a position as a machine operator. The Schweizer plant operated on a two-shift basis, the day shift being from 7:45 a.m. to 4:00 p.m. and the night shift from 4:30 p.m. to 1:00 a.m. The regular work week for machine operators was Monday through Friday. After an interview with the machine shop foreman and the personnel manager, Amrhein was offered a job on the night shift, but when he revealed that as a sabbath observing Seventh Day Adventist he could not *298 work from sundown Friday until sundown Saturday he was not hired. The decision not to employ Amrhein was based upon the facts that there was no day shift vacancy, and that low seniority workers were assigned to the night shift, and the conclusion of the foreman and the personnel manager that to obtain a voluntary transfer of another employee from the day shift on Friday to the night shift on Friday was unworkable. That decision was made by the two interviewers without any attempt then or later to contact any individual employee or to ascertain whether the union would go along with an accommodation of Amrhein’s sabbath problem.
The State Division of Human Rights found after a hearing that Schweizer had made no effort to obtain the voluntary transfer of an employee working on the Friday day shift to the night shift or to obtain union approval of such a transfer, nor did it attempt in any way to accommodate Amrhein’s problem. The appeal board, finding the commissioner’s decision and order to be supported by substantial evidence affirmed, but the Appellate Division on Schweizer’s petition for review under section 298 of the Executive Law annulled the order and dismissed the complaint. It found that "a special effort to accommodate the complainant would not only have been in violation of the petitioner’s collective bargaining agreement with its union but, further, that such violation would have resulted in significant management-labor problems” and held that the employer had, therefore, met its burden of proof of "undue economic hardship” within the meaning of section 296 (subd 10, par [c]) of the Executive Law.
Since section 298 of the Executive Law makes the findings of fact on which the division’s order is based "conclusive if supported by sufficient evidence on the record considered as a whole”, the Appellate Division’s finding and conclusion can stand only if the board had no right to consider Schweizer’s failure to seek an accommodation or the division’s affirmed finding is not supported by substantial evidence.
As above noted section 296 (subd 10, par [c]) does not apply "where the uniform application of terms and conditions of attendance to employees is essential to prevent undue economic hardship to the employer”. Since essentiality is the criterion and a voluntary exchange of shifts on one day would obviate the problem, the board did not exceed its powers in considering Schweizer’s failure to make any effort whatsoever *299 to accommodate. That is not to say that someone would necessarily have been found who was willing to make a transfer or even that in every case inquiry need be made, but only that an employer is obligated, unless clearly prohibited from doing so by nondiscriminatory provisions of its collective bargaining agreement, or unless it has unsuccessfully made inquiry so recently that it is clear that further inquiry would be fruitless,[1] to make a good faith effort before denying employment to a sabbath observer. Here, there was no contact with the union on the issue at all and, contrary to the Appellate Division’s finding, section 7 of article X of the union agreement, which permits transfers with the consent of an employee and interdepartmental transfers without regard to seniority, made it possible without violation of that agreement to accommodate Amrhein.
Nor is there any question that the division’s finding was supported by substantial evidence. The testimony of Schweizer’s vice-president was that Friday night was a difficult night to effectuate a shift exchange because most people who worked day shift look to Friday night as recreational. He acknowledged that no attempt was made to discuss the matter with the union and in that was confirmed by the union representative and the machine shop foreman.[2] The after the fact testimony of the union representative concerning what the consequences might have been had an inquiry been made is abstract opinion, not fact. Whether the eventuality would turn out as he prophesied would depend in part on who, if anyone, was prepared to make such a one-day shift change. Absent any accommodation effort by the employer, the testimony of the union representative was insufficient to sustain the employer’s burden of proof and clearly did not affect the substantiality of the evidence upon which the division’s finding was based.
Accordingly, the order of the Appellate Division should be *300 reversed and the determination of the State Human Rights Appeal Board should be reinstated, with costs.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order reversed, etc.

. For example, if inquiry had been made in Amrhein’s case and proved fruitless and on the following day another Seventh Day Adventist had applied for the same position, there being no interim change in staff, inquiry would not be required as to the second applicant.

. Some of the testimony related to the possibility of Amrhein working four instead of five days, an issue we do not consider in view of Amrhein’s concession that he would not have accepted less than five-day employment. Clear from the testimony, though, is the fact that there was no discussion about Amrhein with the union at all. The decision that he was not to be employed was made at his initial interview without any contact with the union.