■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of DARYL CLARKE, Petitioner-Respondent, v CARNATION COMPANY, Respondent-Petitioner. — Order of enforcement unanimously granted and cross petition dismissed, without costs. Memorandum: The Court of Appeals, on a previous appeal, remitted this matter for a hearing to determine whether retaining complainant in his position, while permitting him to observe his Sabbath, would result in undue economic hardship to the employer (*State Div. of Human Rights v Carnation Co.,* 42 NY2d 873). On remission to the State Division of Human Rights, the respondent Carnation Company submitted no cost analysis to support its plant foreman's opinion that accommodating the employee would have a "noticeable effect" on Carnation's costs. The commissioner found that Carnation Company "did not sustain the burden of proof required by section 296.10(c) [of the

Executive Law] to show that the 'uniform application of terms and conditions of attendance to employees is essential to prevent undue economic hardship to the employer'" and that the relief complainant seeks would not cause a significant risk to industrial peace. On a review of the entire record, we determine that "there is a rational basis in it for the findings of fact supporting the agency's decision" (McCormick, Evidence [2d ed], § 352, p 847, quoted in *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 182; see *State Div. of Human Rights v Genesee Hosp.*, 68 AD2d 692, 703, revd *sub nom. Matter of Genesee Hosp. v State Div. of Human Rights*, 50 NY2d 917, on dissenting opn) and therefore, we sustain the orders of the agency and grant an order of enforcement. (Proceeding pursuant to Executive Law, § 298.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.