■ In the Matter of ANCHOR MOTOR FREIGHT, INC., Petitioner, v H. CARL McCALL, as Commissioner of the New York State Division of Human Rights, Respondent.—Proceeding pursuant to Executive Law § 298 to review an order of the Commissioner of the New York State Division of Human

Rights, dated May 25, 1983, which, *inter alia,* (1) found that the petitioner Anchor Motor Freight, Inc. violated Executive Law § 296 (10) (a) by scheduling the complainant, an employee of the petitioner and a member of the Jewish faith, to work on the Sabbath and on Jewish holy days despite being informed that the complainant could not work on those days due to his religious beliefs, (2) ordered the petitioner to permit the complainant to work on days and shifts which would not require him to be present on his Sabbath and on Jewish holy days, (3) awarded back pay to the complainant, and (4) awarded $5,000 as damages for mental anguish to the complainant; and cross petition for enforcement of that order.

Order confirmed, proceeding dismissed and cross petition for enforcement denied without prejudice to renewal in the Supreme Court *(see, Matter of Salvatore v New York State Div. of Human Rights,* 118 AD2d 715), with costs to the Commissioner of the New York State Division of Human Rights, payable by the petitioner, to be taxed by the County Clerk, Westchester County, under CPLR 8203 and 8301.

We reject the petitioner's contention that the Commissioner's findings were unsupported by substantial evidence. The testimony of both the complainant and a rabbi established that the complainant is a Sabbath observer, and that he had given his employer advance notice that he did not wish to work on the Sabbath and on Jewish holy days. In light of this testimony, we conclude that the Commissioner's findings were "supported by sufficient evidence on the record considered as a whole" and we decline to disturb them (Executive Law § 298; *see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Board of Educ. v McCall,* 108 AD2d 855).

Moreover, we discern no error in the Commissioner's conclusion that the petitioner failed to sustain its burden of proof regarding the defense of undue economic hardship *(see,* Executive Law § 296 [10] [c]). The evidence adduced by the petitioner at the hearing was insufficient to establish either that it attempted to accommodate the complainant's religious beliefs or that such accommodation would work an undue economic hardship upon it *(see, Matter of Genesee Hosp. v State Div. of Human Rights,* 50 NY2d 917, *revg* 68 AD2d 692, 701-704, on dissenting opn of Simons, J. P., at App Div; *Matter of Schweizer Aircraft Corp. v State Div. of Human Rights,* 48 NY2d 294; *State Div. of Human Rights v Carnation Co.,* 86 AD2d 977, *lv denied* 57 NY2d 607, *cert denied* 459 US 1206).

Furthermore, the Commissioner's award for mental anguish

is supported by the evidence *(see, Batavia Lodge No. 196 v New York State Div. of Human Rights,* 35 NY2d 143; *Matter of Board of Educ. v McCall, supra; Catalina Beach Club v State Div. of Human Rights,* 95 AD2d 766; *see generally, Cullen v Nassau County Civ. Serv. Commn.,* 53 NY2d 492). We have considered the petitioner's remaining contentions and find them to be without merit. Weinstein, J. P., Rubin, Eiber and Spatt, JJ., concur.