■ STATE UNIVERSITY AGRICULTURAL AND TECHNICAL COLLEGE AT FARMINGDALE et al., Petitioners, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Proceeding pursuant to Executive Law § 298 to review an order of the Commissioner of the New York State Division of Human Rights (hereinafter the division) dated March 27, 1986, which, after a hearing, found that the petitioners had discriminated against the complainant because of his age in violation of the Human Rights Law.

Adjudged that the petition is granted, on the law and as a matter of discretion, without costs or disbursements, to the extent that the division's order is modified, by (1) deleting the first decretal paragraph thereof, (2) deleting from the second decretal paragraph thereof the term "to the date this order became effective"; and (3) by deleting from the third decretal paragraph thereof the figure "$20,000", the proceeding is otherwise dismissed, and the matter is remitted to the division for imposition of a new award of back pay which shall not include any period after August 31, 1980, and the imposition of a new award for mental anguish which shall not exceed $5,000.

A review of the record as a whole indicates that the decision to terminate the complainant's employment was substantially influenced by age discrimination (see, e.g., Matter of Maloff v City Commn. on Human Rights, 46 NY2d 908).

Under the circumstances of this case, however, the petitioners should not have been directed to rehire the complainant in the position of instructor. The record indicates that the complainant had no educational expertise except in the area of photographic technology. That department was discontinued in 1981. Consequently, the order of reinstatement would not

further the purpose of the Human Rights Law, but would require the petitioner university and its students to bear the burden of his lack of teaching expertise. Moreover, it was improper for the commissioner to direct that the complainant receive back pay for the period commencing from when his employment should have been renewed up until the date when the order was entered. The proceeding was commenced in 1977 and a final determination was not rendered until 1986. Absent any other indication in the record, it can only be concluded that this delay was attributable to the division. The award of back pay unlawfully penalizes the petitioners for the division's failure to act in a timely manner.

Because the time provisions in the Human Rights Law are directory rather than mandatory (see, Executive Law § 297), dismissal of the proceeding is not warranted. However, a more appropriate award to the complainant is a direction that he be reimbursed for the three-year term of renewal which was denied him based upon the discriminatory decision.

We further conclude that the award of $20,000 for humiliation and mental anguish was not supported by sufficient evidence in the record as a whole. In light of the testimony adduced at the hearing a more appropriate award would be $5,000 (see, Matter of Anchor Motor Frgt. v McCall, 119 AD2d 672).

We have considered the petitioners' remaining contention and find it to be without merit. Niehoff, J. P., Eiber, Kunzeman and Harwood, JJ., concur.