◼ In the Matter of LUTHERAN SOCIAL SERVICES OF UPPER NEW YORK, INC., et al., Petitioners, v STATE DIVISION OF HUMAN RIGHTS, Respondent.—Determination modified on the law and as modified confirmed, without costs, in accordance with the following memorandum: The record supports the determination made by the Commissioner, as well as the award for compensatory damages for mental anguish in the sum of $25,000 to each complainant. It does not, however, support the award of back pay based upon the pay scale for the abolished position. The abolition of one administrative level position and the creation of two lower paying positions was a legitimate organizational restructuring. However, because each complainant was qualified for appointment to the new position of senior treatment coordinator, each is entitled to back pay based upon the pay scale for that position. We reduce the award accordingly.

All concur, except Boomer, J. P. and Lawton, J., who dissent in part, in the following memorandum.

Boomer, J. P., and Lawton, J. (dissenting). We dissent in part in that we cannot agree with the majority's conclusion that the Commissioner's award for mental anguish is supported by the record. Though complainants suffered emotional distress from this discrimination, they had little, if any, physical symptoms and sought no medical treatment. Given these circumstances, the Commissioner's award of $25,000 to each complainant for mental anguish is grossly excessive. Accordingly, we would reduce the award for mental anguish to $5,000 for each complainant (see, Matter of Almeter v State Div. of Human Rights, 133 AD2d 530). (Article 78 proceeding and proceeding pursuant to Executive Law § 298 transferred by order of Supreme Court, Erie County, Mintz, J.) Present—Boomer, J. P., Green, Pine, Lawton and Davis, JJ.