■ In the Matter of PATRICIA MOORE, Petitioner, v STATE DIVISION OF HUMAN RIGHTS, Respondent.—Mercure, J. Proceeding pursuant to Executive Law § 298 (transferred to this court by order of the Supreme Court, entered in Rensselaer County) to review a determination of respondent which found petitioner guilty of an unlawful discriminatory practice based on race.

In January 1987, petitioner placed a newspaper advertisement offering an apartment for rent. Complainant, Nancy Kakule, viewed the apartment, told petitioner that she had two sons who would be living with her, aged 19 and 12, and stated that she would get back to petitioner. A few days later, Kakule called, indicated that she wanted to rent the apartment and inquired whether it would be possible to provide the security deposit after moving in. Petitioner stated that she would like to meet Kakule's children before making a decision, and a meeting was arranged. Kakule, a Caucasian, arrived at the apartment with her two sons, both of whom are black. After a tour of the apartment and a conference between petitioner and her husband, petitioner stated that she did not think the rental would work. Thereafter, Kakule was informed that petitioner would not be renting her the apartment, prompting Kakule to file a complaint with respondent charging petitioner with an unlawful discriminatory practice with respect to housing in violation of the Human Rights Law (Executive Law art 15). Following a hearing and recommendations of an Administrative Law Judge, the Commissioner of Human Rights found that petitioner discriminated against Kakule by refusing to rent her an apartment because her two children were black. The Commissioner ordered, *inter alia,* that petitioner pay Kakule the sum of $25,000 as damages for the mental anguish and humiliation suffered. This proceeding ensued.

At the outset, we recognize that it is the Commissioner who is primarily responsible for assessing whether discrimination has occurred *(see, Matter of State Div. of Human Rights v*

*County of Onondaga Sheriff's Dept.,* 71 NY2d 623, 630) and his decision must be "accorded substantial deference when he acts within his area of expertness" *(supra,* at 630). Moreover, because a party intent on practicing discrimination will seldom announce his purpose, the Commissioner is allowed to make certain inferences of discrimination *(supra,* at 630-631) if they flow logically from the established facts *(see, Alexander's, Inc. v White,* 115 AD2d 424, 426). Thus, the Commissioner's determination of discrimination is conclusive if supported by substantial evidence upon the record taken as a whole *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181). Here, the record amply supports the Commissioner's determination that petitioner discriminated against Kakule by refusing to rent her the apartment because of the race of her two children. Petitioner arranged for a second meeting so that she could meet the children. It was not until this second meeting, after petitioner saw that the children were black, that she expressed reluctance to rent the apartment to Kakule. Petitioner has failed to demonstrate an independent nondiscriminatory reason for not renting the apartment to Kakule. Therefore, respondent's determination should be confirmed.

Turning to the damage award, we note that respondent is authorized to include, as compensatory damages, an award for mental anguish and humiliation suffered by a complainant, which may be established by the testimony of the complainant alone *(see, Cullen v Nassau County Civ. Serv. Commn.,* 53 NY2d 492, 496-497). Thus, Kakule's testimony that she was hurt and upset because she was the victim of discrimination supports an award of damages. However, Kakule sought no medical treatment as a result of the incident and the record is devoid of evidence of physical symptoms. Given these circumstances, the Commissioner's award of $25,000 for mental anguish is grossly excessive and is reduced to $2,500 *(see, Matter of Almeter v State Div. of Human Rights,* 133 AD2d 530; *Matter of Board of Educ. v State Div. of Human Rights,* 109 AD2d 988, 990-991; *121-129 Broadway Realty v New York State Div. of Human Rights,* 49 AD2d 422, 424; *cf., Matter of Lutheran Social Servs. v State Div. of Human Rights,* 142 AD2d 950, *affd* 74 NY2d 824).

Determination modified, without costs, by reducing the amount awarded for mental anguish from $25,000 to $2,500, and, as so modified, confirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.