■ In the Matter of NEW YORK STATE OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Harvey J. Proceeding pursuant to Executive Law § 298 (upon remittal from the Court of Appeals) to review a determination of respondent State Division of Human Rights which, *inter alia,* found petitioner guilty of an unlawful discriminatory practice relating to employment.

As was more fully discussed when this human rights proceeding was previously before us (168 AD2d 714), respondent Peter Ramos (hereinafter respondent) was employed as a research scientist by a facility under petitioner's jurisdiction when he suffered two heart attacks in July 1982 and September 1982. Although respondent's personal physician originally approved respondent to return to work on February 14, 1983, a physician associated with the Department of Civil Services' Employee Health Service ultimately found respondent "unable to perform his duties". In March 1983, respondent filed a complaint with respondent State Division of Human Rights alleging principally that his employer, a research facility under the jurisdiction of petitioner, unlawfully discriminated against him by refusing to reinstate him to his former position as an electron microscopist because of his coronary condition. Following a hearing, the Commissioner of Human Rights found that respondent was discriminated against and ordered, *inter alia,* respondent's employer to offer him the next available opening at his position, back salary and $75,000 in damages for "mental anguish and humiliation".

Petitioner then commenced this proceeding and, in a 3 to 2 decision, this court annulled the administrative determination (168 AD2d 714, *supra).* The Court of Appeals reversed, however, and found employment discrimination (78 NY2d 987). It then remitted the matter to us "for further proceedings on the issue of damages for mental anguish and humiliation in accordance with *Matter of New York City Tr. Auth. v State Div. of Human Rights* (78 NY2d 207)" *(supra,* at 990). At our invitation, the parties have filed supplemental briefs, and a discussion of the issue of damages in accordance with the Court of Appeals' directive follows.

At the outset we note that the Commissioner of Human

Rights is allowed to award only compensatory damages for mental anguish, and care must be taken to ensure that no award is punitive in nature *(see, Matter of New York City Tr. Auth. v State Div. of Human Rights, supra,* at 217). Notably, "[i]f judicial review is to be more than a rubber stamp of agency orders, obviously there must be sufficient proof of mental anguish caused by the discrimination, as well as the extent of injuries being compensated" *(supra,* at 216). In reviewing an award made by the Commissioner, a court will intervene only where the award is not reasonably related to the wrongdoing, is not supported by evidence before the Commissioner or does not compare with awards for similar injuries *(supra,* at 219; *see, Matter of State Div. of Human Rights v Muia,* 176 AD2d 1142).

In reviewing the $75,000 award in the instant case, we note initially that it is not reasonably related to the employer's wrongdoing and is not supported by the evidence before the Commissioner. Although the civil service physician who pronounced respondent unable to work was not a cardiologist, that doctor's finding did support the conclusion that respondent was too ill to work in the spring of 1983. Therefore, even though the physician's opinion cannot shield the employer from liability for discrimination, it cannot be stated that the employer's actions were completely arbitrary *(see, Matter of Bayport-Blue Point School Dist. v State Div. of Human Rights,* 131 AD2d 849, 850). Of great significance, however, is the Commissioner's finding that, shortly after respondent's application for reinstatement, he was offered another position by his former employer in its about-to-be expanded Department of Electron Microscopy at the same title and salary. This job was allegedly less stressful and more sedentary, but respondent refused this position. The Commissioner also noted that respondent's employer accorded him sick leave at half pay after his sick time and annual leave ran out, which he received from September 1982 until September 1983 and from January 1984 until February 1986. Although in his testimony respondent described to some extent the anguish and frustration he experienced because of his employer's actions and the humiliation he felt over not being able to pay his bills, his inability to help his financially struggling parents and a bank's threat to repossess his car, this testimony was not extensive and was not sufficient without further corroborative evidence to support an extremely large mental anguish award *(see, Matter of Cosmos Forms v State Div. of Human Rights,* 150 AD2d 442). Despite his financial concerns, respondent

never offered any adequate explanation as to why he did not take the alternative job offered to him in July 1983.

The Commissioner's criticisms of the employer focused chiefly on the employer's erroneous assumption that respondent could not do the job because of his medical history. While such attitudes are justly condemned as misguided or overly paternalistic, it cannot be said that the employer's actions in this case were consistent with the type of blatant or shocking intentional discrimination and corresponding anguish that would justify an award of $75,000. Accordingly, we deem it appropriate, based on the proof before us, to reduce respondent's award to $7,500. We find that such an award would be more consistent with awards for comparable injuries and proof of mental anguish made in the past *(see, e.g., supra; Matter of Bayport-Blue Point School Dist. v State Div. of Human Rights,* 131 AD2d 849, *supra).*

Weiss, P. J., Mikoll, Levine and Mahoney, JJ., concur. Adjudged that the determination is modified, without costs, by reducing respondent Peter Ramos' award of $75,000 for mental anguish and humiliation to $7,500, and, as so modified, confirmed.