■ In the Matter of SCHOOL BOARD OF EDUCATION OF THE CHAPEL OF THE REDEEMER LUTHERAN CHURCH, Appellant, v NEW YORK CITY COMMISSION ON HUMAN RIGHTS, Respondent. —In a proceeding pursuant to Administrative Code of the City of New York § 8-110 for a judicial review of a determination of the New York City Commission on Human Rights dated December 21, 1989, which, after a hearing, found that the petitioner had discriminated against the complainant because of her sex in violation of the New York City Human Rights Law, the petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Leviss, J.), dated August 28, 1990, as confirmed an award of $12,000 representing damages for mental anguish.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the provision thereof confirming the award of $12,000 representing damages for mental anguish is deleted and a provision is substituted therefor granting the petition to the extent that the award of $12,000 for mental anguish is annulled, and the matter is remitted to the New York City Commission on Human Rights for imposition of a new award of compensatory damages for mental anguish not to exceed $7,500.

It is well settled that the New York City Commission on Human Rights (hereinafter the Commission) may award damages for the mental anguish suffered as a result of unlawful

discrimination *(see, Matter of Wantagh Union Free School Dist. v New York State Div. of Human Rights,* 122 AD2d 846). We find that the testimony adduced at the hearing amply established that the complainant suffered mental anguish as a result of the unlawful termination of her employment.

However, upon our review of the evidence of mental anguish and emotional distress presented at the hearing, we find that the compensatory damages fixed by the agency was excessive. While deference must be accorded to the agency's assessment of damages in view of its special experience in weighing the merit and value of mental anguish claims, in reviewing an award made by the Commission, a court will intervene where the award is not reasonably related to the employer's wrongdoing, is not supported by the evidence before the Commission, or does not compare with awards for similar injuries *(see, Matter of New York City Tr. Auth. v State Div. of Human Rights,* 78 NY2d 207, 216-218; *Matter of New York State Off. of Mental Retardation & Dev. Disabilities v New York State Div. of Human Rights,* 183 AD2d 943). Here, although the complainant's testimony indicated that she suffered mental anguish due to the unlawful termination of her employment and her concern over the economic hardship she faced due to her loss of income, an award not to exceed $7,500 is "more consistent with awards for comparable injuries and proof of mental anguish made in the past" *(Matter of New York State Off. of Mental Retardation & Dev. Disabilities v New York State Div. of Human Rights, supra,* at 945; *State Univ. Agric. & Tech. Coll. v State Div. of Human Rights,* 134 AD2d 339). Sullivan, J. P., Balletta, Eiber and Santucci, JJ., concur.