■ In the Matter of NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [615 NYS2d 531] —White, J. Proceeding pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent State Division of Human Rights which found petitioner guilty of an unlawful discriminatory practice based on gender.

Sometime in 1983, respondent Linda L. Kennedy, a Correction Officer at Downstate Correctional Facility in Dutchess County, applied for a Transportation Officer position. Kennedy was told by her superiors that she could not become a Transportation Officer because she was a female and thus could not strip frisk male inmates. Kennedy thereafter filed a complaint with respondent State Division of Human Rights claiming gender discrimination. An Administrative Law Judge (hereinafter ALJ) determined that petitioner had discriminated against Kennedy and ordered, *inter alia,* that petitioner pay her $25,000 in compensatory damages plus a substantial sum to compensate her for lost overtime for the period between December 1983 and June 1989, calculated on the basis of 14 hours of additional overtime every two weeks. The ALJ's determination was sustained by the Division's Commissioner, which led to the commencement of this proceeding by petitioner to annul the determination.

Inasmuch as petitioner concedes that it engaged in an unlawful discriminatory practice, on this appeal we are solely concerned with petitioner's claim that the damage awards are excessive. The first issue we must resolve is whether the Commissioner's award of $25,000 in compensatory damages to Kennedy for mental anguish and humiliation should be sustained. In reviewing such an award, a court will intervene

only when the award is not reasonably related to the wrong-doing, is not supported by substantial evidence or does not compare with awards for similar injuries. Also, care must be taken to insure that the award is not punitive in nature, and judicial review must be more than a rubber stamp of agency orders (see, Matter of New York State Off. of Mental Retardation & Dev. Disabilities v New York State Div. of Human Rights, 183 AD2d 943).

In this instance, Kennedy testified that as a result of petitioner's discriminatory conduct she felt frustrated, depressed and angry to the point where she lost sleep and became embroiled in arguments with her fiance because of her preoccupation with this matter. She further testified that she saw a psychiatrist five or six times in 1985. She went on to relate how the attitudes of some male officers changed after she filed a grievance to the extent they would not work with or speak to her. She also described various incidents of harassment she was forced to endure.

While proof of mental anguish and humiliation may be established by the testimony of the complainant alone (see, Matter of Wantagh Union Free School Dist. v New York State Div. of Human Rights, 122 AD2d 846, appeal dismissed 69 NY2d 823), in our view, given the absence of proof of the severity and consequences of Kennedy's condition, an award of $10,000 is more consistent with awards for comparable injuries and proof of mental anguish and humiliation made in the past (see, Matter of Consolidated Edison Co. v New York State Div. of Human Rights [Easton], 77 NY2d 411 [$10,000]; Matter of School Bd. of Educ. v New York City Commn. on Human Rights, 188 AD2d 653 [$7,500]; Matter of New York State Off. of Mental Retardation & Dev. Disabilities v New York State Div. of Human Rights, supra [$7,500]; Matter of Obstfeld v Brandon, 180 AD2d 638 [$10,000]; New York State Dept. of Correctional Servs. v McCall, 109 AD2d 953 [$10,000]).

Petitioner rightly complains about the Division's 4½-year delay in concluding this matter. Nevertheless, since petitioner has not shown that it sustained an actual injury as the result of delay (see, Matter of Sarkisian Bros. v State Div. of Human Rights, 48 NY2d 816, 818), we shall not entertain its request that we reduce the damage award for lost overtime for such a reduction would unjustly penalize Kennedy, who bore no responsibility for the delay (see, Matter of Ambrosio v State Div. of Human Rights, 144 AD2d 662).

Lastly, when the administrative hearings were held in this

matter, Margarita Rosa was no longer General Counsel of the Division. Accordingly, we find that the holding of *Matter of General Motors Corp. v Rosa* (82 NY2d 183) is not applicable to this proceeding.

Mikoll, J. P., Mercure, Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is modified, without costs, by reducing the amount awarded for mental anguish and humiliation from $25,000 to $10,000, and, as so modified, confirmed.