■ In the Matter of NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [615 NYS2d 499] —White, J. Proceeding pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent State Division of Human Rights which found petitioner guilty of an unlawful discriminatory practice based on gender.

In 1983 and 1984, while employed as a Correction Officer, respondent Edna De Stefano on three occasions unsuccessfully sought admission to a weapons and chemical agents training course conducted by petitioner. Following hearings on De Stefano's complaint filed with respondent State Division of Human Rights claiming gender discrimination, an Administrative Law Judge (hereinafter ALJ) determined that petitioner had discriminated against De Stefano and ordered petitioner, *inter alia,* to pay her $10,000 for hurt, humiliation and mental anguish. The ALJ's determination was sustained by the Division's Commissioner, which led to the commencement of this proceeding by petitioner to annul the determination.

In this proceeding, we are solely concerned with petitioner's claim that the compensatory damage award must be set aside. In reviewing such an award, a court will intervene only when the award is not reasonably related to the wrongdoing, is not supported by substantial evidence or does not compare with awards for similar injuries. Also, care must be taken to insure that the award is not punitive in nature, and judicial review must be more than a rubber stamp of agency orders *(see, Matter of New York State Off. of Mental Retardation & Dev. Disabilities v New York State Div. of Human Rights,* 183 AD2d 943).

In this instance, the only proof that De Stefano suffered mental anguish was her statement that, after she was rejected, she was upset and humiliated. While proof of mental anguish and humiliation may be established by the testimony

of the complainant alone *(see, Matter of Wantagh Union Free School Dist. v New York State Div. of Human Rights,* 122 AD2d 846, *appeal dismissed* 69 NY2d 823), given the absence of any evidence of the duration of De Stefano's condition, its severity or consequences, and as there is no proof that De Stefano sought medical treatment, an award of $2,500 is more consistent with awards for comparable injuries and proof of mental anguish and humiliation made in the past *(see, Matter of Horgan v New York State Div. of Human Rights,* 194 AD2d 674 [$1,500]; *Pioneer Group v State Div. of Human Rights,* 174 AD2d 1041 [$5,000]; *Matter of Moore v State Div. of Human Rights,* 154 AD2d 823 [$2,500]; *Matter of Almeter v State Div. of Human Rights,* 133 AD2d 530 [$1,500]).

Finally, we find that the holding of *Matter of General Motors Corp. v Rosa* (82 NY2d 183) is not applicable to this case since, when the administrative hearings were held herein, Margarita Rosa was no longer General Counsel of the Division.

Mikoll, J. P., Mercure, Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is modified, without costs, by reducing the amount awarded for mental anguish and humiliation from $10,000 to $2,500, and, as so modified, confirmed.