■ In the Matter of NEW YORK STATE DEPARTMENT OF

Correctional Services, Petitioner, v State Division of Human Rights et al., Respondents. [626 NYS2d 588] —Mercure, J. Proceeding pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent State Division of Human Rights which found petitioner guilty of an unlawful discriminatory practice based upon race.

Complainant, Donald Garland, a black correction officer at Wende Correctional Facility in Erie County, was dismissed from his employment with petitioner as the result of a finding that he assaulted an inmate on October 18, 1987. Complainant thereafter filed a complaint with respondent State Division of Human Rights charging an unlawful discriminatory practice relating to employment and a hearing was conducted over six days in March, May and June 1993. Ultimately, noting petitioner's "systematic and pervasive bias against African-American Correction Officers * * * in imposition of discipline", the Commissioner of Human Rights concluded that petitioner discriminated against complainant "by terminating him because of his race and color * * * while it did not terminate equally culpable White employees". By way of remedy, complainant was reinstated to his former position, with compensation for $137,652 in lost wages and restoration of seniority and all other rights, benefits and privileges, and awarded $25,000 in compensatory damages for emotional distress and humiliation. Petitioner challenges the Commissioner's determination in this CPLR article 78 proceeding, commenced in Supreme Court and transferred to this Court pursuant to CPLR 7804 (g).

Initially, and bearing in mind the three fundamental principles that (1) the Human Rights Law is to be "construed liberally for the accomplishment of the purposes thereof" (Executive Law § 300), (2) the Commissioner has been vested with wide powers so that she may "effectively eliminate specified unlawful discriminatory practices" (300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 183), and (3) discrimination is usually accomplished "by devious and subtle means" "rarely so obvious or its practices so overt" that it may be instantly or conclusively recognized (supra; see, Matter of Imperial Diner v State Human Rights Appeal Bd., 52 NY2d 72, 77), we conclude that the Commissioner's findings are supported by substantial evidence. Complainant and other black correction officers testified concerning the "hostile situation" at Wende, where black officers were placed in a different

"class" from white employees, were denied the more desirable assignments and shifts, had their orders and directions disregarded by subordinates or countermanded by their superior officers, and, most important to this case, were disciplined more frequently and more harshly than white employees. Perhaps most telling, of the 16 cases of alleged inmate abuse occurring at Wende, complainant was the only correction officer who was discharged.

We agree with petitioner, however, that the award of $25,000 in compensatory damages is unsupported by the record. The only evidence of compensatory damages was complainant's testimony that petitioner's discriminatory conduct made him feel "victimized, ambushed and abandoned" and caused him to withdraw from relationships with his friends and family, that he was unable to pay court-ordered child support or to provide entertainment for his three children, and that he could not complete the purchase of items he had ordered prior to his termination and forfeited a $1,000 deposit he had placed on an automobile. By no means intending to minimize the seriousness of petitioner's offense or to trivialize its effect on complainant, we conclude that this evidence cannot support an award in excess of $15,000 in compensatory damages *(see, Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights,* 207 AD2d 587; *Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights,* 207 AD2d 585; *Matter of New York State Off. of Mental Retardation & Dev. Disabilities v New York State Div. of Human Rights,* 183 AD2d 943; *Matter of Moore v State Div. of Human Rights,* 154 AD2d 823; *Matter of Cosmos Forms v State Div. of Human Rights,* 150 AD2d 442). Fundamentally, an award of compensatory damages is properly based upon the pecuniary loss and emotional injuries actually suffered by the victim of the discrimination, as established by competent evidence adduced at the hearing *(see, Cullen v Nassau County Civ. Serv. Commn.,* 53 NY2d 492, 497).

Petitioner's remaining contentions are either lacking in merit or have not been preserved for our review by appropriate challenge before the administrative tribunal.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is modified, without costs, by reducing the amount awarded for emotional distress and humiliation from $25,000 to $15,000, and, as so modified, confirmed.