■ In the Matter of MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Appellant, v NEW YORK STATE EXECUTIVE DEPARTMENT et al., Respondents. [632 NYS2d 642] —Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights, dated December 2, 1993, which, inter alia, found that the petitioner had engaged in an unlawful discriminatory practice by refusing to hire the complainant because of his age and awarded the complainant backpay and $30,000 in compensatory damages for mental anguish.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the portion of the determination which awarded $30,000 to the complainant for mental anguish is annulled; the determination is otherwise confirmed, the proceeding is otherwise dismissed on the merits, and the matter is remitted to the New York State Division of Human Rights for the imposition of a new award for mental anguish not to exceed $7,500.

Pursuant to Executive Law § 298, findings of fact made by the Commissioner of the New York State Division of Human Rights must be regarded as conclusive "if supported by sufficient evidence on the record considered as a whole" (Executive Law § 298). In reviewing the Commissioner's findings, the court is limited to determining whether those findings are supported by substantial evidence (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 180) and may not weigh the evidence or reject the Commissioner's determination "where the evidence is conflicting and room for choice exists" (City of New York v State Div. of Human Rights, 70 NY2d 100, 106). Thus, where a rational basis for an agency finding of discrimination is found, the judicial function is exhausted (see, Matter of CUNY-Hostos Community Coll. v State Human

*Rights Appeal Bd.,* 59 NY2d 69, 75; *Matter of Brooklyn Hosp. Med. Ctr. v DeLeon,* 208 AD2d 624).

Upon our review of the record, we find that the Commissioner's determination that the petitioner refused to hire the complainant for the position of senior project coordinator because of his age is supported by substantial evidence. Although the petitioner contends that the complainant was not qualified for the position because he lacked a license in the field of asbestos removal, the petitioner's posted job listing did not indicate that a licensing requirement existed, and one of the petitioner's witnesses conceded that an engineer could oversee a contract involving asbestos abatement without such licensing. Moreover, the complainant testified that he was informed that he would not be considered for the position because he had retired from the New York City Transit Authority, and it is undisputed that at the time the complainant applied for the post it was the petitioner's policy not to hire Transit Authority retirees. " 'It is peculiarly within the domain of the Commissioner, who is presumed to have special expertise in the matter, to assess whether the facts and the law support a finding of unlawful discrimination' " *(Matter of Marcus Garvey Nursing Home v New York State Div. of Human Rights,* 209 AD2d 619, quoting *Matter of Club Swamp Annex v White,* 167 AD2d 400, 401), and we decline to disturb the Commissioner's findings where, as here, a rational basis exists for the determination that the petitioner was the most qualified applicant for the position and that the licensing requirement was a mere pretext.

However, we agree with the petitioner's contention that the award of $30,000 for mental anguish was excessive. While it is well settled that an award of compensatory damages for mental anguish and humiliation may be based solely upon the complainant's testimony *(see, Matter of Marcus Garvey Nursing Home v New York State Div. of Human Rights,* 209 AD2d 619, *supra; Matter of Quality Care v Rosa,* 194 AD2d 610), the award must be reasonably related to the wrongdoing, supported by the evidence before the Commissioner, and comparable to other awards for similar injuries. Here, the complainant testified that he felt "devastated" by the petitioner's actions, and that his emotional distress disturbed his sleep and caused him to gain weight, exacerbating his high blood pressure. However, the complainant did not seek medical or psychiatric assistance for his emotional turmoil, and there is no indication of the duration of his distress or evidence that his weight gain and the resultant worsening of his high blood pressure was related

to the rejection of his application for the senior project coordinator position. Comparing this case to similar cases, we find that the award for mental anguish of $30,000 was excessive, and we remit the matter to the New York State Division of Human Rights for the imposition of a new award for mental anguish not to exceed $7,500 (see, Matter of Laverack & Haines v New York State Div. of Human Rights, 217 AD2d 955; Matter of Quality Care v Rosa, 194 AD2d 610, supra; Matter of School Bd. of Educ. v New York City Commn. on Human Rights, 188 AD2d 653). Altman, J. P., Hart, Friedmann and Krausman, JJ., concur.