■ In the Matter of PORT WASHINGTON POLICE DISTRICT, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [634 NYS2d 195] —Proceeding pursuant to Executive Law § 298 to review an order of the Commissioner of the New York State Division of Human Rights, dated April 28, 1994, as amended, which, after a hearing, (1) found that the petitioner had discriminated against the complainant because of her sex, (2) awarded her $200,000 in compensatory damages for mental anguish and humiliation, and (3) provided that in the event the complainant were appointed to the Port Washington Police Department, she "shall be entitled to the same terms, conditions and privileges of employment as the officers hired on June 23, 1989, including seniority status".

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the order dated April 28, 1994, as amended, is modified by (1) deleting the second sentence of the first subnumbered paragraph in the third decretal paragraph, and (2) deleting the second numbered subparagraph in the third decretal paragraph; the order dated April 28, 1994, is otherwise confirmed, and the matter is remit-

ted to the Commissioner for the imposition of a new award of compensatory damages for mental anguish and humiliation which shall not exceed $5,000.

The determination that the petitioner Port Washington Police Department discriminated against the complainant on the basis of sex is supported by substantial evidence in the record *(see,* Executive Law § 298; *Matter of State Div. of Human Rights v County of Onondaga Sheriff's Dept.,* 71 NY2d 623, 631; *Matter of State Div. of Human Rights,* 70 NY2d 100, 106; *Matter of Brooklyn Hosp. Med. Ctr. v DeLeon,* 208 AD2d 624, 625).

Nevertheless, the award of $200,000 for compensatory damages for mental anguish is not reasonably related to the petitioner's wrongdoing. While mental injury may be based solely on the complainant's testimony *(see, Matter of Cosmos Forms v State Div. of Human Rights,* 150 AD2d 442), where as here, the complainant's discussion of her mental anguish was brief and there was no evidence of the duration of her condition, its severity or consequences or evidence of treatment, an award not exceeding $5,000 is appropriate *(see, Matter of New York State Dept. of Correctional Servs. v New York State Div. of Human Rights,* 215 AD2d 908; *Matter of Quality Care v Rosa,* 194 AD2d 610; *Matter of New York State Off. of Mental Retardation & Dev. Disabilities v New York State Div. of Human Rights,* 183 AD2d 943; *Matter of Obstfeld v Brandon,* 180 AD2d 638). Therefore, the matter is remitted to the Commissioner for the imposition of a new award of compensatory damages not to exceed $5,000.

Further, the Commissioner improperly directed that if appointed to the Port Washington Police Department, the "Complainant shall be entitled to the same terms, conditions and privileges of employment as the officers hired on June 23, 1989, including seniority status" *(see, Matter of Andriola v Ortiz,* 82 NY2d 320, *cert denied* — US —, 114 S Ct 1541). Thompson, J. P., Altman, Krausman and Goldstein, JJ., concur.