■ In the Matter of CARRIER CORPORATION, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [637 NYS2d 877] —Determination unanimously annulled on the law without costs and matter remitted to respondent New York State Division of Human Rights for further proceedings in accordance with the following Memorandum: We reject petitioner's contention that the determination by the New York State Division of Human Rights (SDHR) that petitioner unlawfully discriminated against complainant in retaliation for her filing a sexual harassment complaint is not supported by substantial evidence (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 181-182). We agree with petitioner, however, that the Administrative Law Judge abused his discretion in refusing its request to have complainant examined by its psychiatrist.

The record shows that complainant sought damages for the mental anguish and emotional distress she suffered as a result of the discrimination. At the hearing, complainant's psychiatrist testified that complainant had significant residual emotional damage from the harassment and that, for the foreseeable future, complainant would require treatment for depression. Her psychiatrist diagnosed complainant as having a permanent partial disability. The request by petitioner to allow its psychiatrist to examine complainant was denied because of potential problems complainant might experience from the examination.

The Commissioner, relying extensively on the detailed testimony of complainant's psychiatrist "regarding the duration, severity and consequences of the mental anguish suffered by complainant as a result of [petitioner's] unlawful retaliation against her, as well as to the ongoing psychiatric treatment

required by complainant", awarded complainant compensatory damages of $100,000. Because of the seriousness of the psychiatric injuries alleged, petitioner should have been allowed to have complainant examined, thereby affording petitioner the opportunity to rebut the testimony of complainant's psychiatrist. Any alleged difficulties complainant might experience with the examination can be mitigated by the imposition of reasonable conditions. The determination, therefore, is annulled and the matter remitted to SDHR to permit petitioner's psychiatrist to examine complainant, subject to reasonable conditions, and to receive further evidence from the parties concerning that examination. (Executive Law § 298 Proceeding Transferred by Order of Supreme Court, Onondaga County, Mordue, J.) Present—Green, J. P., Lawton, Fallon, Callahan and Doerr, JJ.