■ In the Matter of MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY et al., Appellants, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [638 NYS2d 761]

Those portions of the determination of the respondent New York State Division of Human Rights which found that the appellant New York City Transit Authority (hereinafter the NYCTA) had discriminated against the appellant Philip Mc-Cartin and directed relief against the NYCTA must be annulled. The complaint was never amended to include allegations of discrimination against the NYCTA, and the NYCTA had no notice that it would be charged with discriminatory acts separate and apart from any alleged acts of discrimination on the part of Manhattan and Bronx Surface Transit Operating Authority (hereinafter MABSTOA) until the hearing in this matter commenced (*see generally, Zaiman v Metropolitan Tr. Auth.*, 186 AD2d 555; *Reis v Manhattan & Bronx Surface Tr. Operating Auth.*, 161 AD2d 288).

There was substantial evidence to support the finding that MABSTOA discriminated against the complainant on the basis of his physical disability. However, the award of $25,000 against MABSTOA, representing compensatory damages for mental anguish and humiliation was excessive. The complainant testified that as a result of the discriminatory acts, he felt "very upset" and "very angry", and was reluctant to wear his hearing aids during other interviews. This testimony only supports an award of up to $7,500 against MABSTOA for mental anguish and humiliation (*see, Matter of Port Washington Police Dist. v State Div. of Human Rights*, 221 AD2d 639; *Matter of Manhattan & Bronx Surface Tr. Operating Auth. v New York State Executive Dept.*, 220 AD2d 668; *Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights*, 215 AD2d 908; *Matter of Quality Care v Rosa*, 194 AD2d 610).

The parties' remaining contentions are without merit. O'Brien, J. P., Santucci, Altman and Goldstein, JJ., concur.