■ In the Matter of NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [638 NYS2d 827] —Spain, J.

In January 1986, respondent Stanley Arnold, an African-American correction officer, filed a complaint with respondent State Division of Human Rights (hereinafter the Division) charging that petitioner had engaged in unlawful discriminatory practices relating to his employment at petitioner's

Downstate Transportation Unit. A seven-day hearing was held before an Administrative Law Judge (hereinafter ALJ). At the conclusion of the hearing the ALJ found that petitioner unlawfully discriminated against Arnold by allowing one of his supervisors, over a 24-month period, to treat him with racial animosity by, *inter alia*, repeatedly verbally harassing and humiliating him in front of other correction officers, civilian bus drivers and prisoners; by actively pressuring him to violate regulations; and, on two separate transportation assignments, humiliated and degraded Arnold by ordering him to sit with the prisoners for periods of 12 and 15 hours, when the regulations require rotation of correction officers in such situations every 30 minutes.

In concluding that petitioner permitted the supervisor's conduct to go unabated, the ALJ determined that the animosity of the supervisor toward African-Americans "manifested itself through blatant discriminatory conduct" toward Arnold. The ALJ awarded Arnold $100,000 in compensatory damages and ordered petitioner to provide formal training to its supervisory personnel with respect to employment discrimination based on race and color. The ALJ's findings and determination were sustained by the designee of the Commissioner of Human Rights. Petitioner then commenced this proceeding in Supreme Court, pursuant to Executive Law § 298, seeking a reversal of the Division's determination. Thereafter, the proceeding was transferred to this Court for disposition of all issues.

We reject petitioner's contention that the Division's determination is not supported by sufficient proof. The sole issue for this Court in a proceeding brought pursuant to Executive Law § 298 is whether the determination is supported by substantial evidence (*see, Matter of State Div. of Human Rights [Granelle]*, 70 NY2d 100, 106). "Whether an administrative agency determination is shored up by substantial evidence is a question of law to be decided by the courts" (*300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 181). In determining whether the determination is supported by substantial evidence, "[c]ourts may not weigh the evidence or reject the Division's determination where the evidence is conflicting and room for choice exists" (*Matter of State Div. of Human Rights [Granelle], supra*, at 106). "When a rational basis for the conclusion approved by the [D]ivision is found, the judicial function is exhausted" (*Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd.*, 59 NY2d 69, 75).

Further, this Court has held, when considering whether the

Division's determination is supported by substantial evidence, that "(1) the Human Rights Law is to be 'construed liberally for the accomplishment of the purposes thereof' * * * (2) the [Division] has been vested with wide powers so that [it] may 'effectively eliminate specified unlawful discriminatory practices' * * * and (3) discrimination is usually accomplished 'by devious and subtle means' 'rarely so obvious or its practices so overt' that it may be instantly or conclusively recognized" (*Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights*, 215 AD2d 908, 909 [citations omitted]). The record in the instant case is replete with evidence that the supervisor had a negative attitude toward minorities and that he consistently exhibited this attitude to his subordinates in the work place. We conclude that there is substantial evidence in the record to support Arnold's claim of discrimination and to confirm that the Department was aware of the problem and failed to take appropriate remedial action.

Further, the proceedings before the Division were timely commenced; it is generally recognized that when practices of discrimination are of a continuing nature, the time within which to file the complaint is extended to one year after the practices cease (*see, Matter of Davison v White*, 140 AD2d 699; *see also,* Executive Law § 297 [5]; 9 NYCRR 465.3 [e]). Upon a review of the record, it is clear that the discriminatory practices of the supervisor toward Arnold occurred consistently while Arnold was under his direct supervision. The discriminatory practices were not isolated incidents, but were part of an ongoing pattern of discrimination against Arnold which did not cease until Arnold was transferred in 1986.

We find merit, however, in petitioner's contention that the award of $100,000 in compensatory damages is not supported by sufficient evidence. While the Division has broad powers to award reasonable compensatory damages when necessary to redress an injury (*see, Matter of Imperial Diner v State Human Rights Appeal Bd.*, 52 NY2d 72, 79), an award of compensatory damages must be based upon pecuniary loss and emotional injuries actually suffered, and must be established at the hearing through competent evidence (*see, Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights*, 215 AD2d 908, 910, *supra*). These emotional injuries are not confined only to out-of-pocket losses, but can include an award for the humiliation and mental anguish suffered by the target of the discrimination (*see, Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 215-216; *Cullen v Nassau County Civ. Serv. Commn.*, 53 NY2d 492, 496). The

emotional injury can be shown through the complainant's own testimony, corroborated by reference to the circumstances of the alleged misconduct (*see, Matter of New York City Tr. Auth. v State Div. of Human Rights, supra,* at 216).

Arnold's testimony at the hearing establishes that he did suffer humiliation and mental anguish over an extended period of time and, thus, the Division was justified in granting the award for mental anguish and humiliation. However, in our view the amount of the compensatory award is excessive. The record is devoid of any proof of the severity, the consequences and the duration of the effects which the supervisor's negative conduct had on Arnold. Notably, Arnold testified that he sought medical treatment but that he did not see the need to continue the treatment. Care must be taken to insure that the award is compensatory and not punitive in nature (*see, Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights,* 207 AD2d 587; *Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights,* 207 AD2d 585). In light of the severity, duration and number of discriminatory offenses, and taking into account the compensatory awards for mental anguish and humiliation which have been granted in the past, we conclude that a compensatory award of $35,000 is sufficient to compensate Arnold for his injuries (*see, Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights, supra,* at 587-588; *Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights, supra,* at 585-586).

We reject petitioner's assertion that it has been substantially prejudiced by the delay in the disposition of this matter. Petitioner has made no showing of substantial actual prejudice in this case and the record lacks any evidence that would support petitioner's conclusory argument that it has been prejudiced by the delay. "[T]he mere passage of time normally will not constitute substantial prejudice in the absence of some showing of actual injury" (*Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816, 818).

We have considered petitioner's remaining contentions and find them to be without merit.

Mercure, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is modified, without costs, by reducing the amount awarded for emotional distress and humiliation from $100,000 to $35,000, and, as so modified, confirmed.