■ In the *Matter of* CAROL S. HARP, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [654 NYS2d 548] —Determination unanimously modified on the law and as modified confirmed without costs in accordance with the following Memorandum: Petitioner, a female correction of-

ficer, filed three complaints of sexual discrimination with respondent New York State Division of Human Rights (SDHR) while working at Auburn Correctional Facility. Following a hearing pursuant to Executive Law article 15, the Administrative Law Judge (ALJ) found that the New York State Department of Correctional Services (respondent) had discriminated against petitioner; that respondent retaliated against petitioner for filing the complaints; and that, as a result, petitioner suffered "significant" mental anguish and emotional distress. On respondent's administrative appeal to SDHR, the Commissioner adopted those findings but reduced the ALJ's award of compensatory damages from $15,000 to $1,500 and vacated the award of $2,732 for commuting expenses arising from petitioner's transfer to another facility. Petitioner seeks reinstatement of the ALJ's award of compensatory damages and commuting expenses.

In reviewing an award of damages for mental anguish in a discrimination case, "a court will intervene only when the award is not reasonably related to the wrongdoing, is not supported by substantial evidence or does not compare with awards for similar injuries" (*Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights*, 207 AD2d 585, 585-586; *see, Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 219; *Matter of Diaz Chem. Corp. v New York State Div. of Human Rights*, 237 AD2d 932 [decided herewith]). In our view, the Commissioner's award of damages is not reasonably related to respondent's wrongdoing and does not compare with awards for similar injuries (*see, e.g., Matter of Lutheran Social Servs. v State Div. of Human Rights*, 142 AD2d 950, *affd* 74 NY2d 824; *cf., Matter of State Div. of Human Rights v Muia*, 176 AD2d 1142; *Matter of New York State Dept. of Correctional Servs. v McCall*, 109 AD2d 953). We therefore reinstate the ALJ's award of compensatory damages of $15,000. We further conclude that, contrary to the Commissioner's finding, the discrimination was so severe and pervasive as to constitute a constructive termination of petitioner's employment (*see, Matter of Imperial Diner v State Human Rights Appeal Bd.*, 52 NY2d 72). Thus, we also reinstate the ALJ's award of commuting expenses of $2,732. (Executive Law § 298 Proceeding Transferred by Order of Supreme Court, Cayuga County, Corning, J.) Present—Denman, P. J., Pine, Lawton, Doerr and Balio, JJ.