■ In the Matter of CARRIER CORPORATION, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [705 NYS2d 744] —Determination unanimously modified on the law and as modified confirmed without costs in accordance with the following Memorandum: In *Matter of Carrier Corp. v New York State Div. of Human Rights* (224 AD2d 936), we concluded that the determination of respondent New York State Division of Human Rights (SDHR) that petitioner unlawfully discriminated against respondent Christine Michaels (complainant) in retaliation for her filing a sexual harassment complaint is supported by substantial evidence. We further concluded, however, that the Administrative Law Judge abused his discretion in refusing the request of petitioner to have complainant examined by its psychiatrist. We therefore annulled SDHR's determination and "remitted [the matter] to SDHR to permit petitioner's psychiatrist to examine complainant, subject to reasonable conditions, and to receive further ev-

idence from the parties concerning that examination" (*Matter of Carrier Corp. v New York State Div. of Human Rights, supra,* at 937). On remittal, the Commissioner reinstated the determination that petitioner unlawfully discriminated against complainant in retaliation for her filing a sexual harassment complaint. The Commissioner found that complainant suffered mental anguish as a result of the unlawful retaliation and awarded her compensatory damages of $125,000 "net, after all withholding and deductions for federal, state or local income taxes". Additionally, the Commissioner awarded back pay to complainant based on his finding that complainant "faced an intimidating, hostile and offensive work environment so severe she was unable to continue her employment and the treatment she was subjected to created a constructive termination of her employment by [petitioner]."

We conclude that the Commissioner's award of compensatory damages " 'is not reasonably related to [petitioner's] wrongdoing, is not supported by substantial evidence [and] does not compare with awards for similar injuries' " (*Matter of Harp v New York State Div. of Human Rights,* 237 AD2d 898, 899; *see, Matter of Port Washington Police Dist. v State Div. of Human Rights,* 221 AD2d 639, 640, *lv denied* 88 NY2d 807). We therefore modify the determination by reducing the award of compensatory damages to $75,000 without any withholding or deductions for Federal, State or local income taxes.

We further conclude that the Commissioner erred in awarding complainant back pay. In the initial determination the Commissioner concluded that petitioner discriminated against complainant by retaliating against her for filing a sexual harassment complaint, but further concluded that complainant's termination was not in retaliation for that complaint. In the prior proceeding, complainant did not challenge the Commissioner's finding regarding her termination, and we implicitly upheld the Commissioner's determination on liability. On remittal, however, the Commissioner determined that petitioner was liable for its constructive termination of complainant based on a hostile work environment and awarded her back pay. The issue of petitioner's liability for complainant's termination was previously decided, and under the doctrine of law of the case that determination is conclusive (*see generally, Matter of Steck v Jorling,* 227 AD2d 849, 851; *Matter of Acres Stor. Co. v Chu,* 144 AD2d 758, 759, *appeal dismissed* 73 NY2d 914). In addition, that determination was beyond the scope of our remittal. Because the Commissioner erred on remittal in making new findings of liability against petitioner and award-

ing complainant back pay, we further modify the determination by vacating those findings and the award of back pay. (Executive Law § 298 Proceeding Transferred by Order of Supreme Court, Onondaga County, McCarthy, J.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Balio, JJ. (Filed March 3, 2000.)