■ In the Matter of IONA COLLEGE, Petitioner, v KUMIKI GIBSON et al., Respondents. [878 NYS2d 795]—

Proceeding pursuant to Executive Law § 298 to review so much of a determination of the Commissioner of the New York State Division of Human Rights dated October 31, 2007, as, in effect, confirmed the findings of an administrative law judge, made after a hearing, that the petitioner unlawfully discriminated against the complainant Maryann Rossi on the basis of age and awarded her the sum of $150,000 in compensatory damages for mental anguish.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent of annulling so much of the determination as awarded the complainant the sum of $150,000 in compensatory damages for mental anguish; the determination is otherwise confirmed, the petition is otherwise denied, the proceeding is otherwise dismissed on the merits, and the matter is remitted to the Commissioner of the New York State Division of Human Rights for a new award of compensatory damages for mental anguish in an amount not to exceed the sum of $75,000.

The determination of the Commissioner of the New York State Division of Human Rights (hereinafter the Commissioner) that the petitioner unlawfully discriminated against the complainant Maryann Rossi on the basis of age is supported by substantial evidence (*see City of New York v State Div. of Human Rights,* 70 NY2d 100, 106 [1987]; *Matter of State Div. of Human Rights v Koch,* 60 AD3d 777 [2009]).

However, while there is sufficient evidence to support the Commissioner's finding that Rossi suffered mental anguish as a consequence of that unlawful discrimination (*see Matter of New York City Tr. Auth. v State Div. of Human Rights,* 78 NY2d 207, 216 [1991]), the award itself was not supported by evidence before the Commissioner, and is not in accordance with other awards for similar injuries (*see New York City Tr. Auth. v Div. of Human Rights,* 78 NY2d at 219; *Matter of School Bd. of Educ. of Chapel of Redeemer Lutheran Church v New York City Commn. on Human Rights,* 188 AD2d 653, 654 [1992]). Rather,

the evidence supports an award of damages for mental anguish not to exceed the sum of $75,000 (*cf. Matter of Greenville Bd. of Fire Commrs. v New York State Div. of Human Rights,* 277 AD2d 314, 315 [2000]; *Matter of Manhattan & Bronx Surface Tr. Operating Auth. v New York State Div. of Human Rights,* 225 AD2d 553, 554 [1996]; *Matter of Port Wash. Police Dist. v State Div. of Human Rights,* 221 AD2d 639, 640 [1995]; *Matter of Manhattan & Bronx Surface Tr. Operating Auth. v New York State Exec. Dept.,* 220 AD2d 668, 670 [1995]; *Matter of Quality Care v Rosa,* 194 AD2d 610, 611 [1993]; *Matter of New York City Tr. Auth. v State Div. of Human Rights,* 181 AD2d 891, 894-895 [1992]). Spolzino, J.P., Santucci, Belen and Lott, JJ., concur.