73 N.Y.2d 796 (1988)
In the Matter of the Civil Service Employees Association, Inc., et al., Respondents,
v.
Public Employment Relations Board et al., Appellants, and Luis Diaz, Intervenor-Appellant.
Court of Appeals of the State of New York.
Argued October 13, 1988.
Decided December 1, 1988.
Jerome Thier and Martin L. Barr for Public Employment Relations Board and others, appellants.
August J. Ginocchio for intervenor-appellant.
Marilyn S. Dymond and Marjorie E. Karowe for respondents.
Richard E. Casagrande and Jeffrey G. Plant for New York State Public Employee Federation, AFL-CIO, amicus curiae.
James R. Sandner and Robin A. Romeo for New York State United Teachers, amicus curiae.
Chief Judge WACHTLER and Judges SIMONS, KAYE, ALEXANDER, TITONE, HANCOCK, JR., and BELLACOSA concur.
*797 MEMORANDUM.
The judgment of the Appellate Division should be affirmed, with costs.
Vito Bertini, a grievance representative of the Civil Service Employees Association, Inc., assisted Luis Diaz, an employee of the State Department of Mental Hygiene, in filling out a grievance form requesting arbitration. As a result of a series of mistakes and omissions on the part of Bertini and other CSEA representatives, the charges were not timely filed and the grievance was dismissed. Thereafter, Diaz's employment was terminated.
Thereafter, Diaz filed an improper practice charge against CSEA with the Public Employment Relations Board (PERB). The Administrative Law Judge (ALJ), in a letter to Diaz's attorney, framed the charges as an allegation that (1) CSEA's untimely appeal to arbitration was grossly negligent, (2) CSEA'S untimely appeal was knowing, deliberate and in bad faith, and (3) CSEA's refusal to seek a court review of the arbitration award was in breach of its obligations. He requested counsel to clarify any incomplete or overbroad statement of the charges but the attorney did not respond. All of the charges were dismissed by the ALJ after a hearing and PERB confirmed that decision. However, PERB went on to find that CSEA was grossly negligent in failing to adequately train Bertini or to provide him with adequate organizational support and thus breached its duty of fair representation.
Neither the amended details of the actual charge nor the statement of the charge by the ALJ allege inadequate training or insufficient organizational support and Diaz's attorney did *798 not specify a charge of inadequate training or organizational support in his exceptions to the ALJ's order as PERB's Rules of Procedure require (see, 4 NYCRR 204.10).
PERB's review of the ALJ's decision is limited to matters included in the original charge or developed at the formal hearing. Any exception to the ALJ's ruling not specifically raised is waived (see, Matter of Margolin v Newman, 130 AD2d 312, appeal dismissed 71 N.Y.2d 844; 4 NYCRR 204.10 [b] [4]). Therefore it was improper for PERB to base its decision on inadequate training and support when these issues were not raised in Diaz's charges or included in his exceptions to the ALJ's order.
Judgment affirmed, with costs, in a memorandum.