■ In the Matter of TRANS WORLD AIRLINES, INC., Petitioner, v NEW YORK EXECUTIVE DEPARTMENT, STATE DIVISION OF HUMAN RIGHTS, on Complaint of WILFRED SANKAR, Respondent.—Proceeding pursuant to Executive Law § 298 to review an order of the Commissioner of the New York State Division of Human Rights, dated February 24, 1987, which, inter alia, (1) ordered the petitioner to offer to hire the complainant Wilfred Sankar as a kitchen helper, (2) awarded the complainant back pay with interest for the period March 21, 1985, to the date he either accepts or rejects the offer of employment and, (3) awarded the complainant damages for mental anguish in the sum of $5,000.

Adjudged that the petition is granted, without costs or disbursements, to the extent that the Commissioner's order is modified by deleting therefrom the provision directing the petitioner to pay the complainant the damages for mental anguish in the amount of $5,000; the Commissioner's order is otherwise confirmed and the proceeding is otherwise dismissed on the merits.

In March 1985 the complainant Wilfred Sankar applied for a job as a kitchen helper at the Trans World Airlines, Inc. (hereinafter TWA) flight kitchen at Kennedy Airport. He was denied employment because he had elevated blood pressure. He thereafter filed a complaint with the State Division of Human Rights alleging that he was denied employment because of a perceived disability in violation of the Human Rights Law. At a hearing held in September and October 1986 the physicians who examined Sankar on behalf of TWA conceded that Sankar could perform the job in question but they advised TWA not to hire him because of the possibility that he might suffer a stroke or heart attack on the job and pose a threat to himself or a fellow employee. The Commis-

sioner of the State Division of Human Rights found that TWA discriminated against Sankar by failing to hire him as a kitchen helper because the disability did not prevent him from performing in a reasonable manner the activities involved in that position *(see,* Executive Law § 292 [21]), and, *inter alia,* ordered TWA to offer to hire Sankar as a kitchen helper and awarded him the sum of $5,000 for mental anguish. TWA hereby seeks review of that order.

Under New York law as it presently exists an individual may be denied employment because of a disability only if that condition will prevent him from performing in a reasonable manner the activities involved in the job or occupation sought *(see,* Executive Law § 292 [21]; *Matter of State Div. of Human Rights [Granelle],* 70 NY2d 100; *Matter of Miller v Ravitch,* 60 NY2d 527). In the instant case the complainant was denied employment simply because he had high blood pressure. There was no evaluation done as to whether this condition would prevent him from reasonably performing his job activities. "Employment may not be denied based on speculation and mere possibilities, especially when such determination is premised solely on the fact of an applicant's inclusion in a class of persons with a particular disability rather than upon an individualized assessment of the specific individual" *(Matter of State Div. of Human Rights [Granelle], supra,* at 107). Thus, we conclude that the Commissioner's finding of discrimination is supported by substantial evidence. However, the record does not contain substantial evidence to support the Commissioner's finding that Sankar is entitled to an award of $5,000 for mental anguish. While the testimony of a complainant may be sufficient by itself to sustain an award for mental anguish *(see, Matter of Bayport-Blue Point School Dist. v State Div. of Human Rights,* 131 AD2d 849; *Catalina Beach Club v State Div. of Human Rights,* 95 AD2d 766), in the instant case the testimony of the complainant that he was "depressed" after he was denied employment does not constitute substantial evidence that he suffered mental anguish *(cf., Catalina Beach Club v State Div. of Human Rights, supra).* Mollen, P. J., Mangano, Brown and Sullivan, JJ., concur.