■ In the Matter of BROOKLYN HOSPITAL MEDICAL CENTER, Appellant, v DENNIS DeLEON et al., Respondents. [617 NYS2d 186] —In a proceeding pursuant to the Administrative Code of the City of New York § 8-123 to review a determination of the New York City Commission on Human Rights, dated December 23, 1991, which found that the petitioner Brooklyn Hospital Medical Center had unlawfully discriminated against the complainant because of her son's medical condition and awarded her $25,000 in compensatory damages, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Golden, J.), entered October 22, 1992, which denied its petition and granted the Commission's cross petition to enforce the determination.

Ordered that the order and judgment is affirmed, with costs to the respondent New York City Commissioner of Human Rights.

It is well settled that findings of fact made by the New York City Commission on Human Rights must be regarded as conclusive "if supported by sufficient evidence on the record as considered as a whole" (Administrative Code of City of NY § 8-110). In reviewing the Commission's findings, the court is limited to determining whether those findings are supported by substantial evidence (see, 300 Gramatan Ave. Assocs. v

*State Div. of Human Rights,* 45 NY2d 176, 180), and may not weigh the evidence or reject the Commission's determination "where the evidence is conflicting and room for choice exists" *(City of New York v State Div. of Human Rights,* 70 NY2d 100, 106). Thus, where a rational basis for an agency finding of discrimination is found, "the judicial function is exhausted" *(City of New York v State Div. of Human Rights, supra,* at 106).

Contrary to the petitioner's contention, we find that the Commission's determination that the hospital discriminated against the complainant by unlawfully withholding the "accommodations, advantages * * * or privileges" of its facility (Administrative Code former § 8-107 [2]) from her because her son was suffering from Acquired Immune Deficiency Syndrome is supported by substantial evidence in the record. Accordingly, the Commission's determination may not be disturbed.

Furthermore, we are satisfied that the award of compensatory damages of $25,000 to the complainant for the mental anguish she suffered when the petitioner's discriminatory conduct prevented her from visiting her son during the last hours before his death is supported by the evidence and is within the range of awards approved by this and other courts *(see, Matter of New York City Tr. Auth. v State Div. of Human Rights,* 78 NY2d 207; *Matter of Consolidated Edison Co. v State Div. of Human Rights,* 77 NY2d 411; *Matter of Obstfeld v Brandon,* 180 AD2d 638). Sullivan, J. P., Santucci, Joy and Krausman, JJ., concur.