■ In the Matter of Serafina Corsello, Petitioner, v New York State Department of Health et al., Respondents. [752 NYS2d 156] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent State

Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

In August 2000 petitioner, an alternative complementary medicine practitioner licensed to practice medicine in New York, was charged with multiple specifications of misconduct, including gross negligence, gross incompetence and fraudulent practice, stemming from her care and treatment of eight patients between 1987 and 1999. One day prior to the scheduled commencement of the administrative hearing, petitioner commenced a CPLR article 78 proceeding seeking to adjourn the hearing because the Hearing Committee of respondent State Board for Professional Medical Conduct (hereinafter Hearing Committee) did not include a member who was an alternative medicine provider. Although petitioner initially was granted a stay pending a hearing on her application, Supreme Court ultimately dismissed the underlying petition and vacated the stay by order dated March 19, 2001. Thereafter, the Administrative Law Judge (hereinafter ALJ) scheduled the hearing for April 16, 2001.

Upon commencement of the April 16, 2001 hearing, it was discovered that petitioner had failed to submit an answer as required by Public Health Law § 230 (10) (c) (2), prompting the ALJ to deem petitioner to have admitted each of the specified charges of misconduct. The hearing resumed on May 30, 2001 with regard to the issue of penalty. The Hearing Committee thereafter concluded that petitioner had engaged in significant professional misconduct and revoked her license to practice medicine. Petitioner then commenced this proceeding pursuant to CPLR article 78 seeking to annul the underlying determination, and this Court denied her application for a stay pending review.

Petitioner initially contends that the ALJ erred in commencing the hearing on April 16, 2001 because Supreme Court's order vacating the stay, dated March 19, 2001, was not entered until April 13, 2001 and was not served upon petitioner until April 18, 2001. Assuming, without deciding, that petitioner is correct in contending that the subject stay was not effectively lifted until she was served with the order and notice of entry thereof on April 18, 2001, petitioner nonetheless neglected to preserve for our review any objection she had in this regard by failing to raise this issue prior to or upon commencement of the April 16, 2001 hearing (*see generally Matter of Lane Constr. Corp. v Cahill*, 270 AD2d 609, 611, *lv denied* 95 NY2d 765). The record reflects that, despite the fact that the subject order was not served upon petitioner until April 18, 2001, petitioner

was well aware prior to that date that the stay had in fact been lifted. Additionally, although petitioner indeed made an emergency motion before the ALJ on April 16, 2001 seeking to adjourn the hearing due to her allegedly poor health and moved by order to show cause seeking similar relief from Supreme Court, no mention of the legality of commencing the hearing on that date is made in such motion papers, nor is any discussion of this issue reflected in the transcript of the hearing or intra-hearing conference conducted on April 16, 2001. Indeed, this issue appears to have been raised for the first time on May 30, 2001, the second day of the hearing. Having failed to raise this procedural objection in a timely fashion, petitioner cannot now be heard to complain.

Nor are we persuaded that the ALJ erred in concluding that petitioner's failure to file an answer in this matter necessarily resulted in an admission of the underlying charges. Public Health Law § 230 (10) (c) (2) expressly and unequivocally provides that "the licensee shall file a written answer to each of the charges and allegations in the statement of charges no later than ten days prior to the hearing, that any charge and allegation not so answered shall be deemed admitted and that the licensee may wish to seek the advice of counsel prior to filing such answer." Accordingly, petitioner's assertion that the filing of an answer in a proceeding such as this is permissive is belied by the plain language of the statute, which was amended in 1996 to make the filing of an answer mandatory (see L 1996, ch 627). We note in passing that the notice of hearing accompanying the statement of charges served upon petitioner advised petitioner of the requirement to file a written answer and of the consequences of failing to do so, and the record reflects that petitioner's counsel was well aware of his obligations in this regard. To the extent that petitioner contends that certain regulations of respondent Department of Health suggest that an answer is required in a proceeding such as this only if the licensee is asserting affirmative defenses, we need observe only that any such regulations are inconsistent with and must yield to the clear statutory mandate expressed in Public Health Law § 230 (10) (c) (2). Petitioner's remaining contentions (to the extent they are properly before us), including her claim regarding the composition of the investigative committee, have been examined and found to be lacking in merit.

Cardona, P.J., Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.