In the Matter of NEW YORK STATE CORRECTIONAL OFFI-CERS AND POLICE BENEVOLENT ASSOCIATION, INC., Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [767 NYS2d 282] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board which found that respondent Department of Correctional Services did not engage in an improper practice in violation of Civil Service Law § 209-a.

Petitioner, the bargaining representative for the Security Services Unit, alleged that the state, through respondent Department of Correctional Services (hereinafter DOCS), violated Civil Service Law § 209-a (1) (d) by unilaterally discontinuing the practice of allowing employees at DOCS' Groveland Correctional Facility (hereinafter the facility) in Livingston County to convert used sick leave into used vacation leave within one year of the occurrence.

At a hearing before an Administrative Law Judge (hereinafter ALJ), petitioner offered the testimony of three correction of-

ficers from the facility who stated that since 1998, unit employees had been permitted to engage in this retroactive conversion by submitting a written request to Karen Sears, the facility's timekeeper for Security Services employees. Sears would thereafter modify the employee's attendance records by indicating that the change was "per employee request." The only change occasioned by the conversion was the bank of credits from which the employees could draw; it was undisputed that the practice had a significant economic benefit. In response, DOCS offered the testimony of Steven Kruppner, the facility's deputy superintendent of administrative services since August 2000. In reviewing the facility's time and attendance procedures after learning of this practice, Kruppner was told by Sears that it had existed for some time and was specifically approved by one of his predecessors. Thereafter, Kruppner advised Sears, as well as the facility's timekeeper for the civilian unit, that the practice was to be discontinued, prompting the instant improper practice charge.

The ALJ determined that petitioner successfully established that there was a past practice of allowing sick leave conversion at the facility and ordered DOCS to reinstate the policy. DOCS filed exceptions with respondent Public Employment Relations Board (hereinafter PERB), which ultimately reversed the decision on the ground that petitioner had failed to establish a prima facie case that the practice existed on a unit-wide basis. Asserting that this ground was never advanced by either party before the ALJ, in DOCS' verified answer to the charge, in its motion to dismiss or in any of its exceptions before PERB, petitioner commenced this CPLR article 78 proceeding which was thereafter transferred to this Court (*see* CPLR 7803 [4]; 7804 [g]).

Preliminarily, we note that PERB propounded a motion to strike the affidavit and annexed exhibit of Gary Carlsen, sworn to October 31, 2002, submitted by petitioner in support of its petition. As the administrative record was closed on November 8, 2001, and our review must be limited to the matters included in that record, we hereby grant PERB's motion to strike the submission (*see Matter of Lippman v Public Empl. Relations Bd.*, 296 AD2d 199, 203 [2002], *lv denied* 99 NY2d 503 [2002]).

Next reviewing PERB's determination, we find it clear that all parties, including the ALJ, were singularly concerned with whether petitioner could establish that DOCS' former policy of allowing used sick leave to be converted to used vacation leave constituted a past practice at the facility. This was evidenced by the parties' pleadings, strategies for direct and cross-

examination, DOCS' motion to dismiss and its exceptions to PERB.* By not properly raising this issue of whether the practice existed on a unit-wide basis or including it as an exception to the ALJ's order, we find that DOCS waived this issue for PERB's consideration (*see Matter of Civil Serv. Empls. Assn. v Public Empl. Relations Bd.*, 73 NY2d 796, 798 [1988]; *see also Matter of Margolin v Newman*, 130 AD2d 312, 316-317 [1987], *appeal dismissed* 71 NY2d 844 [1988]). Since PERB's review is "limited to matters included in the original charge or developed at the formal hearing" (*Matter of Civil Serv. Empls. Assn. v Public Empl. Relations Bd., supra* at 798), its reliance upon this issue as its sole basis for finding that petitioner failed to present a prima facie case renders its determination arbitrary and capricious (*see* CPLR 7803 [3]; *Matter of Incorporated Vil. of Lynbrook v New York State Pub. Empl. Relations Bd.*, 48 NY2d 398, 404 [1979]).

Addressing the denial of DOCS' motion to dismiss, we find substantial evidence supporting the ALJ's initial determination that petitioner presented a prima facie case (*see Matter of County of Nassau Police Dept. [Unterweiser]*, 17 PERB ¶ 3013 [1984]). As the ALJ's subsequent determination finding an improper practice was in accordance with the standard enunciated by PERB in *Matter of Civil Serv. Empls. Assn. (County of Nassau)* (24 PERB ¶ 3029 [1991]) and similar cases decided thereafter (*see Matter of Civil Serv. Empls. Assn. [Bellmore Union Free School Dist.]*, 34 PERB ¶ 3009 [2001]; *Matter of New York State Pub. Empls. Fedn. [State of New York]*, 27 PERB ¶ 3017 [1994]; *see e.g. Matter of Civil Serv. Empls. Assn. [State of New York Dept. of Taxation & Fin.]*, 30 PERB ¶ 3028 [1997]; *Matter of Schalmont Teachers Assn. [Schalmont Cent. School Dist.]*, 29 PERB ¶ 3036 [1996]; *Matter of State of New York Dept. of Correctional Servs. [Council 82]*, 20 PERB ¶ 3003 [1987]), we reject PERB's contention that petitioner seemingly misconstrued the standard imposed here. For all these reasons, we annul the determination and grant the petition.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Adjudged that the determination is annulled, without costs, and petition granted.

---

* Indeed, the ALJ directly questioned DOCS concerning its need for eliciting testimony regarding whether such practices were followed at other facilities. DOCS agreed that an inconsistency between facilities would not pertain to the issue of whether a past practice existed. It would, however, pertain to whether the employees could reasonably expect that the practice would continue in light of the collective bargaining agreement and state policy.