In the Matter of JOSIP ORLIC, Appellant, v PATRICIA L. GATLING et al., Respondents. [844 NYS2d 366]—

In a proceeding pursuant to Administrative Code of the City of New York § 8-123, inter alia, to review so much of a determination of the New York City Commission on Human Rights dated May 26, 2005, as failed to award damages to the petitioner without first obtaining a report and recommendation of an Administrative Law Judge, the petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Polizzi, J.), dated January 27, 2006, as declined to award damages and to remit the matter to the New York City Commission on Human Rights for a hearing on the issue of damages.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

Findings of fact made by the New York City Commission on Human Rights (hereinafter the Commission) must be regarded as conclusive "if supported by sufficient evidence on the record as considered as a whole" (Administrative Code of City of NY § 8-110 [now § 8-123 (e)]; *see Matter of Brooklyn Hosp. Med. Ctr. v DeLeon*, 208 AD2d 624, 625 [1994]). In reviewing the Commission's findings, the court is limited to determining whether those findings are supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]), and may not weigh the evidence or reject the Commission's determination "where the evidence is conflicting and room for choice exists" (*Matter of State Div. of Human Rights [Granelle]*, 70 NY2d 100, 106 [1987]; *see Matter of 119-121 E. 97th St. Corp. v New York City Commn. on Human Rights*, 220 AD2d 79, 81 [1996]).

The Commission's determination that the petitioner failed to provide specific evidence relating to expenses incurred for the sole purpose of transporting the petitioner into and out of his apartment building is supported by substantial evidence. Contrary to the petitioner's contentions, the petitioner's assistant Rosanda Dunat was not hired solely to assist the petitioner in entering and exiting the building, but would also perform other duties, such as helping the petitioner to exercise, taking him on recreational outings, and remaining with him during the duration of his medical visits. Testimony regarding the amount of time required to transport the petitioner inside and outside the

building, or the petitioner's actual expenses in hiring assistants for this purpose, was inconclusive.

Moreover, testimony that the petitioner was "depressed," without more, does not substantiate an award for damages for mental suffering and anguish (see *Matter of Trans World Airlines v New York Exec. Dept., State Div. of Human Rights*, 147 AD2d 575 [1989]). In any event, the record indicates that the petitioner's depressed state is not attributable to misconduct by any of the respondents (cf. *Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 216 [1991]).

The petitioner's contention that the Commission could not fail to award damages to him without first obtaining a report and recommendation of an Administrative Law Judge that specifically addressed this issue is not preserved for appellate review (see *Matter of Henry v Wetzler*, 82 NY2d 859, 862 [1993], *cert denied* 511 US 1126 [1994]; *Matter of New York State Correctional Officers & Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.*, 309 AD2d 1118, 1119-1120 [2003]; *Matter of Corsello v New York State Dept. of Health*, 300 AD2d 849, 850 [2002]). In any event, we note that it is the Commission, not the Administrative Law Judge, that bears responsibility for rendering the ultimate factual determinations, and the Commission would not be bound by the report and recommendation of an Administrative Law Judge (see *Matter of R & B Autobody & Radiator, Inc. v New York State Div. of Human Rights*, 31 AD3d 989 [2006]; *Matter of Jenkins v New York City Dept. of Transp.*, 26 AD3d 176 [2006]).

The petitioner's remaining contentions are without merit. Miller, J.P., Goldstein, Skelos and Balkin, JJ., concur.