■ In the Matter of F. JAVIER MONREAL, Petitioner, v ADMINISTRATIVE REVIEW BOARD OF STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent. [859 NYS2d 776]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent which revoked petitioner's license to practice medicine in New York.

In April 2007, petitioner, a pediatric neurologist, was personally served with a notice of hearing and statement of charges alleging multiple specifications of misconduct involving his treatment of 12 children between 2002 and 2006, and further asserting that petitioner's communication with various state agencies reflected possible symptoms of paranoid or grandiose personality. The Administrative Law Judge (hereinafter ALJ) contacted petitioner, who told the ALJ that he would not attend the hearing. Letters were sent to petitioner from the ALJ and also from the Bureau of Professional Medical Conduct (hereinafter BPMC). BPMC enclosed with its correspondence the exhibits it intended to use at the hearing. Petitioner returned the letters unopened, he refused to respond to the charges and he did not attend the scheduled hearing. Prior to the hearing, he sent letters to, among others, the ALJ stating that he was unwilling to participate in the hearing. The charges against petitioner were deemed admitted because of his failure to respond, and the Hearing Committee of the State Board for Professional Medical Conduct (hereinafter Committee) subsequently revoked his license to practice medicine in New York. Petitioner appealed to respondent arguing that the Committee's decision should be vacated and the matter reopened for a hearing. Respondent rejected petitioner's argument and affirmed the Committee's decision. This proceeding ensued.

"Judicial review of a decision of [respondent] is limited to determining whether the decision was 'arbitrary and capricious, affected by an error of law or an abuse of discretion' " (*Matter of Buckner v State Bd. for Professional Med. Conduct*, 7 AD3d 840, 841 [2004], quoting *Matter of Spartalis v State Bd. for Professional Med. Conduct*, 205 AD2d 940, 942 [1994], *lv denied* 84 NY2d 807 [1994]; *see Matter of Insler v State Bd. for Professional Med. Conduct*, 38 AD3d 1095, 1097 [2007]). Initially, we find that it was not an error of law or an abuse of discretion for the ALJ to treat petitioner's failure to appear for the hearing and refusal to submit an answer to the charges as an admission to those charges. It is not disputed that petitioner had abundantly ample notice of the charges and the hearing. His refusal to answer the charges provided a proper basis to consider the charges admitted (*see* Public Health Law § 230 [10] [c] [2] ["any

charge and allegation not so answered shall be deemed admitted"]; *Matter of Corsello v New York State Dept. of Health*, 300 AD2d 849, 851 [2002]).

Petitioner argues that the Committee's decision should have been vacated and a hearing conducted in light of the finding that he suffered from a mental health infirmity. There is no indication that petitioner's infirmity prevented him from understanding or answering the charges (*cf. Matter of Eubank*, 293 AD2d 41, 42 [2002]). Indeed, it appears that during the time of the investigation of the charges and when these proceedings were pending, he was pursuing litigation in other forums, including an action in Supreme Court, an appeal to this Court (*Monreal v New York State Dept. of Health*, 38 AD3d 1118 [2007]), and a claim in the Court of Claims (*Monreal v State of New York*, Ct Cl, July 26, 2007, claim No. 113889, motion No. M-73747, DeBow, J. [addressing motion to "prohibit( ) (the state) from requiring (petitioner) to surrender his medical license"]). And, although he chose not to submit an answer to the charges, he did write a letter to the Department of Health and the State Board for Professional Medical Conduct stating, among other things, that he was commencing a separate action to attempt to prevent the hearing from taking place. It is apparent that petitioner understood the charges against him and was fully able to assert his legal rights. Accordingly, we find no legal error or abuse of discretion in respondent's refusal to vacate the Committee's decision under these circumstances.

The remaining arguments have been considered and found unpersuasive.

Mercure, J.P., Spain, Kane and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.