■ In the Matter of HARTLEY CATERING, INC., Doing Business as SCHLESINGER DELI DEPOT, Respondent, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent/Cross Petitioner, and

JENNIFER ESPOSITO, Respondent. CLAUDIO CALDERON, Cross Respondent. [886 NYS2d 822]—Proceeding pursuant to Executive Law § 298 and CPLR article 78 to review a determination of the Commissioner of the New York State Division of Human Rights dated February 21, 2008, which adopted the recommendation of "Adjudication Counsel" dated January 25, 2008, made after a hearing before an administrative law judge, inter alia, finding that the petitioner, Hartley Catering, Inc., doing business as Schlesinger Deli Depot, discriminated against one of its employees on the basis of her sex and awarding her damages in the principal sum of $300,000 for mental anguish, and the New York State Division of Human Rights cross-petitions pursuant to Executive Law § 298 to enforce the determination.

Adjudged that the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits; and it is further,

Adjudged that the cross petition is granted, and the petitioner and the cross respondent, Claudio Calderon, are directed to pay to the complainant Jennifer Esposito the principal sum of $300,000 plus interest from February 21, 2008; and it is further,

Ordered that one bill of costs is awarded to the respondent-cross-petitioner and the respondent.

Contrary to the petitioner's contention, the Commissioner of the New York State Division of Human Rights "is not required to adhere to the ALJ's 'findings of fact or credibility, and [is] free to reach her own determination, so long as it [is] supported by substantial evidence' in the record as a whole" (*Matter of R & B Autobody & Radiator, Inc. v New York State Div. of Human Rights*, 31 AD3d 989, 990 [2006], quoting *Matter of Jenkins v New York City Dept. of Transp.*, 26 AD3d 176 [2006]; *see Matter of Orlic v Gatling*, 44 AD3d 955, 957 [2007]).

The Commissioner's determination that the petitioner discriminated against the complainant, Jennifer Esposito, on the basis of her sex by subjecting her to a hostile work environment was supported by substantial evidence. Although the petitioner presented evidence that could be regarded as casting doubt on the complainant's credibility, this does not form a basis for annulling the Commissioner's determination. "[I]t is the function of the administrative agency, not the reviewing court, to weigh the evidence or assess the credibility of the witnesses" (*Matter of Curto v Cosgrove*, 256 AD2d 407, 408 [1998]; *see Matter of Isaksson-Wilder v New York State Div. of Human Rights*, 43 AD3d 921, 922 [2007]).

Furthermore, the $300,000 award for mental anguish was reasonably related to the wrongdoing and was supported by

substantial evidence (*see Matter of Kondracke v Blue*, 277 AD2d 953, 954 [2000]; *Sier v Jacobs Persinger & Parker*, 276 AD2d 401 [2000]; *Matter of Town of Hempstead v State Div. of Human Rights*, 233 AD2d 451 [1996]). Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.