■ In the Matter of TRIBECA MEDICAL, P.C., Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [920 NYS2d 473]—

Lahtinen, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which annulled petitioner's certificate of incorporation.

In June 2008, the Bureau of Professional Medical Conduct issued a statement of charges alleging that petitioner, a professional service corporation engaged in the practice of medicine, committed professional misconduct under Education Law § 6530 (16) by failing to comply with the provisions of Business Corporation Law § 1503 which prohibit non-physicians from owning or controlling medical service corporations. On July 21, 2008, the notice of hearing and statement of charges were served on petitioner via the Secretary of State, as petitioner's authorized agent for that purpose. Petitioner did not submit an answer, nor did it appear at either the September 3, 2008 prehearing conference or the September 15, 2008 hearing before a Hearing Committee of respondent State Board for Professional Medical Conduct. In an October 3, 2008 decision, the Hearing Committee sustained the charge of misconduct and, as a penalty, directed that petitioner's certificate of incorporation be annulled. Petitioner thereafter sought review before respondent Administrative Review Board for Professional Medical Conduct (hereinafter ARB), arguing that it had been unaware of the charge against it, therefore the Hearing Committee's determination should be nullified and petitioner be permitted to serve an answer. The ARB denied petitioner's request and affirmed, prompting this CPLR article 78 proceeding.

We confirm. Notably, petitioner does not contend that personal jurisdiction was not obtained over it or that the Secretary of State was not properly served (*see generally Associated Imports v Amiel Publ.*, 168 AD2d 354 [1990], *lv dismissed* 77 NY2d 873 [1991]); instead, petitioner maintains that the ARB unreasonably refused to open the default and allow it to serve

an answer. While we agree with petitioner's assertion that the ARB possessed the discretionary "authority to remand a case to the [Hearing Committee] for reconsideration or further proceedings," including relieving petitioner of its default (Public Health Law § 230-c [4] [b]; *see e.g. Matter of Stratford*, 2000 NY Phys Dec LEXIS 54, at *6-7 [2000]; *see also Matter of Lake Placid Club v Abrams*, 6 AD2d 469, 473 [1958], *affd* 6 NY2d 857 [1959]), we find nothing in the record indicating that petitioner had any meritorious defense to the statement of charges (*see* CPLR 317; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141-142 [1986]; *Maines Paper & Food Serv. v Farmington Foods*, 233 AD2d 595, 596 [1996]) and conclude that the ARB's denial of such relief under the circumstances herein was not "arbitrary and capricious, affected by an error of law or an abuse of discretion" (*Matter of Singh v New York State Dept. of Health Bd. of Professional Med. Conduct*, 74 AD3d 1391, 1392 [2010] [internal quotation marks omitted]). Accordingly, the ARB's determination regarding petitioner's application will not be disturbed.

Nor are we persuaded by petitioner's contention that the penalty of annulment of its certificate of incorporation was so disproportionate to the complained-of conduct as to shock one's sense of fairness (*see Matter of Sundaram v Novello*, 53 AD3d 804, 808 [2008], *lv denied* 11 NY3d 708 [2008]). Significantly, the ARB found that the record proof "demonstrated that unqualified persons incorporated and operated" petitioner. Thus, given the record before us, we find no basis to disagree with the ARB's further conclusion that annulment constituted an appropriate penalty under the circumstances.

Kavanagh, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.