■ In the Matter of Antonio Cutri, Appellant, v New York City Commission on Human Rights et al., Respondents. [977 NYS2d 909]—

Deference must be accorded to the assessment of damages by the New York City Commission on Human Rights (hereinafter the Commission), in view of its special experience in weighing the merit and value of mental anguish claims (*see Matter of New York State Div. of Human Rights v Caprarella*, 82 AD3d 773, 775 [2011]). The award of $30,000 to Elizabeth Lubasiewicz for mental anguish and the award of $20,000 to Pamela Haley for mental anguish were supported by their testimony (*see Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 218-219 [1991]; *Matter of Matteo v New York State Div. of Human Rights*, 306 AD2d 484 [2003]), and are compar-

able to other awards for similar injuries (*see Matter of State Div. of Human Rights v Muia*, 176 AD2d 1142 [1991]; *Szpilzinger v New York State Div. of Human Rights*, 160 AD2d 196 [1990]). Additionally, the civil penalty was appropriate (*see* Administrative Code of City of NY § 8-126 [a]; *Matter of 119-121 E. 97th St. Corp. v New York City Commn. on Human Rights*, 220 AD2d 79, 81 [1996]).

As the Commission bears responsibility for rendering the ultimate determination, it was not required to adopt the recommendation of the Administrative Law Judge assigned to the proceeding as to the amount of damages (*see Matter of Hartley Catering, Inc. v New York State Div. of Human Rights*, 66 AD3d 1022 [2009]; *Matter of Orlic v Gatling*, 44 AD3d 955 [2007]; *Matter of R & B Autobody & Radiator, Inc. v New York State Div. of Human Rights*, 31 AD3d 989 [2006]; *Matter of Jenkins v New York City Dept. of Transp.*, 26 AD3d 176 [2006]).

The petitioner's remaining contentions are without merit. Mastro, J.P., Lott, Austin and Hinds-Radix, JJ., concur.