■ In the Matter of ISS ACTION SECURITY, Appellant, v NEW YORK CITY COMMISSION ON HUMAN RIGHTS, Respondent, et al., Respondent. [980 NYS2d 839]—

In a proceeding pursuant to the Administrative Code of the City of New York § 8-123 to review a determination of the New York City Commission on Human Rights dated June 26, 2011, which adopted the findings and recommendations of an Administrative Law Judge dated April 12, 2011, made after a hearing, finding that the petitioner unlawfully discriminated against the complainant on the basis of a disability, and awarded the complainant damages in the total sum of $20,360 and imposed a civil penalty in the sum of $15,000, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Agate, J.), entered April 27, 2012, which, inter alia, in effect, confirmed the determination, denied the petition, dismissed the proceeding, and granted the, in effect, cross petition of the New York City Commission on Human Rights to enforce the determination.

Ordered that the order and judgment is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof, in effect, confirming the determination, denying the pe-

tition, and dismissing the proceeding, and substituting therefor a provision granting the petition to the extent of reducing the amount of the civil penalty imposed in the determination from the sum of $15,000 to the sum of $5,000, and otherwise confirming the determination, denying the petition, and dismissing the proceeding, and (2) by deleting the provision thereof granting the, in effect, cross petition to enforce the determination, and substituting therefor a provision granting the, in effect, cross petition to the extent of enforcing the determination as modified in accordance with the foregoing, and otherwise denying the, in effect, cross petition; as so modified, the order and judgment is affirmed, with costs to the respondent New York City Commission on Human Rights.

The determination of the New York City Commission on Human Rights that the petitioner unlawfully discriminated against the complainant on the basis of a disability by denying the complainant entry into a certain building for which the petitioner provided security services, and by subjecting the complainant to public ridicule, was supported by substantial evidence (*see Matter of Brooklyn Hosp. Med. Ctr. v DeLeon*, 208 AD2d 624 [1994]). It is not the function of the reviewing court to weigh the evidence or assess the credibility of the testimony presented before the administrative agency (*see Matter of Hartley Catering, Inc. v New York State Div. of Human Rights*, 66 AD3d 1022, 1023 [2009]; *Matter of Cold Spring Harbor Teachers Assn. v New York State Pub. Empl. Relations Bd.*, 12 AD3d 442, 443-444 [2004]; *Matter of Romaine v Cuevas*, 305 AD2d 968 [2003]; *Matter of De Vito v Kinsella*, 234 AD2d 640, 642 [1996]).

Furthermore, the award in the sum of $20,000 to the complainant for mental anguish was reasonably related to the wrongdoing, was supported by substantial evidence, and was consistent with similar awards (*see Matter of Hartley Catering, Inc. v New York State Div. of Human Rights*, 66 AD3d at 1023-1024; *Matter of School Bd. of Educ. of Chapel of Redeemer Lutheran Church v New York City Commn. on Human Rights*, 188 AD2d 653, 654 [1992]), and the award of actual damages in the sum of $360 to the complainant was supported by the evidence. However the civil penalty imposed in the sum of $15,000 was excessive (*see* Administrative Code § 8-126 [a]; *Matter of 119-121 E. 97th St. Corp. v New York City Commn. on Human Rights*, 220 AD2d 79, 88-89 [1996]). Under the circumstances of this case, we deem a civil penalty in the sum of $5,000 to be "just and proper" (Administrative Code § 8-123 [c]). Skelos, J.P., Chambers, Hall and Miller, JJ., concur.