Matter of Offor v Zucker (2020 NY Slip Op 03835)





Matter of Offor v Zucker


2020 NY Slip Op 03835


Decided on July 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 9, 2020

529234

[*1]In the Matter of Chinwe Offor, Petitioner,
v
Howard A. Zucker, as Commissioner of Health, et al., Respondents.

Calendar Date: June 8, 2020

Before: Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.


Blank Rome LLP, New York City (Nicholas C. Harbist of Blank Rome LLP, Princeton, New Jersey, admitted pro hac vice), for petitioner.
Letitia James, Attorney General, New York City (James H. Hershler of counsel), for respondents.



Lynch, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct revoking petitioner's license to practice medicine in New York.
Petitioner, a physician formerly licensed to practice medicine in New York, was employed at Mercy Medical Center and Catholic Health Services of Long Island from February 2000 until August 2014. In November 2017, the Bureau of Professional Medical Conduct (hereinafter BPMC) charged petitioner with 11 specifications of professional misconduct arising from petitioner's treatment of four patients — designated as patients A, B, C and D — at Mercy from August 2012 to June 2014. BPMC alleged that petitioner deviated from accepted standards of medical care by providing inappropriate and untimely diagnoses and treatments, failing to order necessary specialist consultation, using contraindicated medications, and failing to maintain records that accurately reflected the care and treatment rendered to her patients.
On December 22, 2017, BPMC served petitioner with a notice of hearing, which scheduled the administrative hearing for January 25, 2018. On January 19, 2018, petitioner retained a new attorney, who immediately requested an adjournment to allow time to prepare. BPMC objected and the Hearing Committee of respondent State Board for Professional Medical Conduct denied the request. On January 23, 2018, petitioner filed an answer. However, the next day at the prehearing conference, the Administrative Law Judge (hereinafter ALJ) refused to accept the answer, because it was filed less than 10 days before the hearing, and deemed the charges admitted pursuant to Public Health Law § 230 (10) (c) (2). Following the hearing regarding the appropriate penalty, the Hearing Committee imposed the penalty of license revocation. Petitioner administratively appealed the Hearing Committee's determination, and respondent Administrative Review Board for Professional Medical Conduct (hereinafter ARB) affirmed. Petitioner commenced this CPLR article 78 proceeding seeking to annul the ARB's determination.
Petitioner maintains that she was arbitrarily denied the right to file an answer and improperly deemed to have admitted the charges. Respondents counter in their brief that, due to petitioner's "failure to present a reasonable excuse for her default, the ARB's determination to deem the charges admitted should be upheld." This argument presumes that the ARB made a discretionary decision to reject the answer. Public Health Law § 230 (10) (c) (2) provides that the "licensee shall file a written answer to each of the charges and allegations in the statement of charges no later than [10] days prior to the hearing, that any charge and allegation not so answered shall be deemed admitted and that the licensee may wish to seek the advice of counsel prior to filing such answer."
This Court has determined that charges are properly deemed admitted when a licensee is given a proper notice of the hearing and fails or even refuses to file an answer (see Matter of Monreal v Administrative Review Bd. of State Bd. for Professional Med. Conduct, 52 AD3d 986, 987-988 [2008], lv denied 11 NY3d 706 [2008]; Matter of Corsello v New York State Dept. of Health, 300 AD2d 849, 851 [2002]). Here, the notice of hearing expressly advised petitioner of the statutory requirements for filing an answer. The record also shows that BPMC even provided a draft copy of the statement of charges to petitioner's former counsel, confirming that she had adequate notice of the filing requirement. However, unlike the circumstances in Corsello and Monreal, cited above, once petitioner retained new counsel, she endeavored to file an answer before the hearing but after the 10-day deadline.
During the prehearing conference, the ALJ explained that her role was to address legal questions on behalf of the Hearing Committee. With respect to petitioner's attempt to file an answer, the ALJ explained "that there's no remedy here in this forum for addressing that. The charges are deemed admitted under operation of law pursuant to Public Health Law [§] 230 (10) (c) (2)." Consistently, at the commencement of the hearing, the Chair of the Hearing Committee explained that the ALJ's role was to "rule on all motions, questions of legal procedure and legal objections." The ALJ explained "that the charges are being deemed admitted and that that issue was addressed in the prehearing conference." Recognizing that petitioner's new counsel tried to file an answer, which her former counsel failed to do, the ALJ concluded that "under the law, I'm not going to accept [the proffered answer]."
This commentary demonstrates that the ALJ and the Hearing Committee concluded that they were precluded, as a matter of law, from accepting petitioner's answer. We do not read the statute as imposing such a bar. Under the circumstances presented, we conclude that the ALJ and the Hearing Committee had the discretion to decide whether to accept the answer. The statutory language mandating the timely filing of an answer was added to Public Health Law § 230 (10) (c) (2) in 1996 (see L 1996, ch 627). Prior to the amendment, the filing of an answer was discretionary. The legislative history indicates that the amendment's purpose in mandating the filing of an answer was to "expedite proceedings by focusing the proceedings on matters in dispute" (Governor's Program Bill Mem No. 119, Bill Jacket, L 1996, ch 627 at 14). Allowing a licensee to submit an answer prior to the first hearing date does not compromise this statutory objective. Notably, in Matter of Tribeca Med., P.C. v New York State Dept. of Health (83 AD3d 1135 [2011], lv denied 17 NY3d 707 [2011]), this Court determined that the ARB possessed the discretionary authority to relieve a licensee of a default in answering charges of professional conduct (id. at 1135-1136; see Public Health Law § 230-c [4] [b]). It follows that the ALJ and the Hearing Committee had the discretionary authority to accept an answer filed after the 10-day deadline, but before the hearing. The flaw here is that the ALJ and the Hearing Committee failed to exercise any discretion in rejecting the answer, simply concluding that they lacked the legal authority to do so. Moreover, the ARB incorrectly declined to even address the issue as a procedural matter for the ALJ to resolve. These errors of law render the ARB's determination arbitrary and capricious.
Egan Jr., J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is annulled, without costs, and matter remitted to respondent Administrative Review Board for Professional Medical Conduct for further proceedings not inconsistent with this Court's decision.