[— NYS2d —]

In the Matter of LIONEL SPRING (Admitted as LIONEL M. SPRING), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 10, 1998

### APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*John J. Tigue, Jr.,* of counsel *(Morvillo, Abramowitz, Grand, Iason & Silberberg, P. C.,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Lionel Spring was admitted to the practice of law in the State of New York by the First Judicial Department on June 24, 1955. At all times relevant and until June 1997, respondent maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.16 (c) (1), suspending respondent from the practice of law, effective immediately, on the ground that he is suffering from a mental condition that makes it impossible for him adequately to defend himself in the underlying disciplinary proceedings.

The Disciplinary Committee has received two complaints against respondent, the first alleging intentional conversion of client funds and the second, by respondent's former law partner, alleging, *inter alia*, that. the law firm was closed down by the Internal Revenue Service for nonpayment of taxes, that respondent had not communicated with him for approximately 13 months and that his review of files led him to believe that respondent may have invaded trust funds belonging to clients. The Disciplinary Committee has forwarded the complaint to respondent, but he has not answered.

Respondent's attorney has informed the Committee that respondent is mentally incapable of responding to the complaints and that he would consent to a medical suspension pursuant to 22 NYCRR 603.16. By letter dated October 14, 1997, respondent's psychiatrist has advised the Committee that both she and the therapist who has been seeing respondent on a weekly basis believe he is not mentally fit to assist in his defense. Respondent has advised the Committee that he has not engaged in the practice of law since June 27, 1997, and has represented that he will not do so in the future without providing reasonable notice. In his answer to the Disciplinary Committee's petition, respondent consents to an order of suspension pursuant to 22 NYCRR 603.16 (c) (1).

In view of the statements from respondent's psychiatrist and from his counsel, the petition of the Disciplinary Committee pursuant to 22 NYCRR 603.16 (c) (1) is granted, and respondent is suspended from the practice of law for an indefinite period of time and until further order of this Court upon the ground that the respondent is suffering from a mental condition which makes it impossible for him adequately to defend himself in the pending disciplinary proceeding. (*See, Matter of Savitsky*, 181 AD2d 199.)

SULLIVAN, J. P., MILONAS, ROSENBERGER, MAZZARELLI and ANDRIAS, JJ., concur.

Petition granted, respondent suspended from the practice of law for an indefinite period of time, effective immediately, and until the further order of this Court, as indicated.