[711 NYS2d 13]

In the Matter of STEPHEN H. FEUERSTEIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 27, 2000

**APPEARANCES OF COUNSEL**

*Deborah A. Scalise* and *Richard M. Maltz* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Stephen H. Feuerstein*, respondent *pro se*.

**OPINION OF THE COURT**

Per Curiam.

Respondent Stephen H. Feuerstein was admitted to the

practice of law in the State of New York by the Second Judicial Department on February 23, 1972. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iv), suspending respondent from the practice of law on the grounds of his failure to comply with the Committee's investigation and his failure to pay money owed to a client. In response, respondent requests an order, pursuant to 22 NYCRR 603.16 (c), suspending him from the practice of law on the ground of physical incapacity.

There are three complaints pending against respondent. Two allege, *inter alia*, that he neglected matters he was handling. In connection with one of these, respondent was held in contempt for failure to appear in court, a warrant of commitment was issued, and he was taken into custody. The third complaint alleges that respondent failed to promptly pay a witness fee. Respondent asserts that, while he does not admit his wrongdoing in these disciplinary matters, he is unable to defend himself because of severe health problems. He states that he agrees to a suspension in the hope and anticipation that he will be able to defend himself if the matters are continued in the future, and in the hope that he will be able to practice law again in the State of New York.

In support of his request, respondent submitted an affidavit of Allen H. Unger, M.D., a cardiologist who has been treating him since September 1981. Based on his review of respondent's health problems over the years, Dr. Allen concluded in September 1999 that respondent should cease working for an undetermined period. Respondent's problems include cardiac artery disease (arteriosclerosis) requiring bypass surgery, arthroscopic knee surgery, gall bladder disease and surgery, bone spur surgery on both shoulders, popliteal artery entrapment in the back of the knee, cervical disc fracture and removal, chronic headaches, elbow surgery and anaphylaxis shock. Dr. Unger states that the most significant reason for advising respondent to stop working is the likelihood of continued cardiac problems. He states that the best way to assist respondent in prolonging his life and providing decent quality of life is to have him stop working entirely.

Petitioner does not dispute respondent's claim that he is unable to defend himself in disciplinary proceedings due to his physical infirmity and does not oppose respondent's request for

an order, pursuant to 22 NYCRR 603.16 (c) (1), suspending him from the practice of law until a determination of his capacity to continue the practice of law is made in accordance with 22 NYCRR 603.16 (b). Therefore, respondent's request should be granted.

ELLERIN, J. P., WALLACH, RUBIN, BUCKLEY and FRIEDMAN, JJ., concur.

Motion granted to the extent of suspending respondent from the practice of law in the State of New York for an indefinite period of time, effective the date hereof, and until the further order of this Court, as indicated.