[740 NYS2d 869]

In the Matter of EDWIN L. EUBANK, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 2, 2002

### APPEARANCES OF COUNSEL

*Joseph J. Hester* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the Second Judicial Department on March 19,

1969. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On or about January 11, 2002, the Departmental Disciplinary Committee served respondent with charges alleging that he violated Code of Professional Responsibility DR 1-102 (a) (5) (two counts) and DR 7-106 (a) (22 NYCRR 1200.3, 1200.37), when he failed to give an accounting and pay a judgment awarded in the Supreme Court, New York County, and because he was held in criminal contempt in the same matter.

By answer dated January 30, 2002, respondent denied many of the allegations and set forth 15 affirmative defenses. Significantly, paragraphs 30 through 32 explained that respondent currently suffers from a disability by reason of mental infirmity or illness which makes it impossible for him to defend himself and/or to assist his attorney in doing so. Attached to this answer is a letter from respondent's treating psychiatrist, wherein he avers that respondent is under his care for "severe emotional difficulties," that his diagnosis is that respondent has "Major Depression Single Episode, Severe," that respondent is receiving medication and undergoing psychotherapy, and that he expects respondent to make a full recovery in about three to six months.

Because of this condition, respondent requests that this proceeding be suspended until such time as he sufficiently recovers to defend himself. Consequently, respondent consents to an order, pursuant to 22 NYCRR 603.16 (c), suspending him from the practice of law based upon his medical condition, until a determination of his capacity to continue the practice of law is made.

The Committee now seeks an order, pursuant to 22 NYCRR 603.16 (b) (1) and (c) (1), suspending respondent from the practice of law on the ground of mental infirmity or illness for an indefinite period and until further order of this Court, and holding the disciplinary proceeding in abeyance.

In view of the statements made by respondent's psychiatrist and his counsel, respondent is unable to defend himself in this proceeding and should be suspended indefinitely. While the Committee moves under both 22 NYCRR 603.16 (b) (1) and (c) (1), we base our suspension of respondent on 22 NYCRR 603.16 (c) (1), since respondent claimed a disability during the course of this proceeding.

Accordingly, the petition should be granted to the extent that it seeks an order immediately suspending respondent from

the practice of law, pursuant to 22 NYCRR 603.16 (c) (1), for an indefinite period and until further order of this Court, on the grounds that he is suffering from a mental condition which makes it impossible for him to adequately defend himself in the underlying disciplinary proceeding (*see, Matter of Spring,* 241 AD2d 26).

MAZZARELLI, J.P., ANDRIAS, SAXE, WALLACH and MARLOW, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until the further order of this Court and the underlying disciplinary proceeding held in abeyance, as indicated.