[797 NYS2d 95]

In the Matter of CARY M. HIRSHON (Admitted as CARY MARTIN HIRSHON), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 28, 2005

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin E.F. O'Sullivan* of counsel), for petitioner.

*Hinshaw & Culbertson, LLP.*, New York City (*Hal R. Lieberman* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Cary M. Hirshon was admitted to the practice of law in the State of New York by the Second Judicial Department on May 5, 1993 as Cary Martin Hirshon. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.16 (c) (1) suspending respondent from the practice of law, effective immediately, on the ground that he is suffering from a mental condition that makes. it impossible for him to adequately defend himself in the underlying disciplinary proceeding.

Between May 2003 and February 2004, the Disciplinary Committee received three complaints against the respondent. With the assistance of respondent's counsel, those complaints were resolved and certain client matters were assumed by other attorneys. However, counsel was unable to contact respondent in November and December to obtain the necessary medical certification to complete a motion based upon mental infirmity. Based upon respondent's disability and the fact that he is no longer in contact with his attorney, the Disciplinary Committee filed a motion for suspension in January 2005.

Respondent's attorney stipulates, in consent to the Committee's motion, that respondent should be suspended pursuant to 22 NYCRR 603.16. The record contains letters from two of respondent's treating psychiatrists, and a report of a psychiatrist retained by the Committee, all of which support a conclusion that respondent is not presently mentally fit to continue practicing law, or adequately defend himself in the instant proceeding to address his professional misconduct.

In view of the stipulation of the parties and the uncontroverted medical evidence that respondent is presently mentally incapacitated from continuing to practice law, the motion of the Disciplinary Committee pursuant to 22 NYCRR 603.16 (c) (1) should be granted, and respondent suspended from the practice of law for an indefinite period of time and until further order of this Court upon the ground that respondent is suffering from a mental condition which makes it impossible for him to adequately defend himself in the pending disciplinary proceeding (*see Matter of Eubank*, 293 AD2d 41 [2002]).

MAZZARELLI, J.P., ANDRIAS, FRIEDMAN, SWEENY and CATTERSON, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof and until further order of this Court.