[814 NYS2d 122]

In the Matter of MARK BROYDES, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 25, 2006

### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jorge Dopico* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on February 9, 1976. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On or about March 20, 2002, the Departmental Disciplinary Committee served respondent with a notice and statement of charges alleging, inter alia, neglect of various matters.

On April 27, 2002, respondent answered the charges requesting that they be dismissed since his delay in concluding client matters was largely due to his ill health which had required surgery. Respondent explained that on or about February 26, 2001 he had suffered a stroke as a result of a silent heart attack that required a 10-day hospitalization, that he had been diagnosed with adult onset diabetes and that, on April 2, 2002, he had surgery to remove a benign tumor.

On June 14, 2002, a hearing on the charges was conducted by a referee who, in his report dated August 24, 2002, sustained all of the charges and recommended, inter alia, that respondent be suspended for two years.

Thereafter, oral argument before a Hearing Panel was scheduled for November 1, 2002; however, because respondent had just been diagnosed with cancer requiring surgery, this Court granted an adjournment until February 1, 2003. In January 2003, when the Committee tried to contact respondent to schedule oral argument it discovered that he had moved from his apartment without providing a forwarding address. The Committee subsequently learned that respondent had been released from Jacobi Hospital on January 16, 2003. From January to May 2003 a Committee investigator attempted to locate respondent without success. The investigator eventually learned that respondent had been hospitalized from August 6 to August 8, 2003 at Jacobi Hospital. Renewed efforts to locate respondent were made and, by the fall of 2003, the Committee asked the Hearing Panel to reschedule oral argument since respondent had not contacted it.

Oral argument was finally scheduled for April 8, 2004 but, shortly before the argument date, the Committee's investigator located respondent as an inpatient at the Hebrew Hospital for the Chronic Sick in the Bronx. On April 2, 2004, a Committee staff attorney spoke with respondent by telephone asking him if he would be appearing on April 8. Respondent stated that he was very ill and that his cancer had spread, requiring additional

surgery. In light of the foregoing, respondent stated that he was in no condition to defend himself or even think about the charges, and that he believed the next year was critical in terms of whether he would regain his health. Respondent stated that, in the event that oral argument could not be postponed indefinitely, he would prefer to be suspended now with the possibility of requesting the lifting of the suspension if he becomes healthy and capable of defending himself and practicing law in the future.

Consequently, because respondent was suffering from a physical disability which made it impossible for him to defend himself adequately in the disciplinary proceeding currently pending against him, the Committee moved for an order pursuant to 22 NYCRR 603.16 (c) (1), suspending respondent from the practice of law, on the ground of physical disability, for an indefinite period of time and until a determination of his capacity to continue the practice of law is made in a proceeding instituted in accordance with 22 NYCRR 603.16 (b).

Although respondent was personally served with the moving papers at the hospital where he is a patient, other than his telephone conversation with counsel for the Committee, he submitted no response to the present petition. Thus, inasmuch as respondent made no appearance and was hospitalized with a potentially terminal illness, this Court held the motion in abeyance to see if respondent's health improved. We are now informed that respondent is still hospitalized at the Hebrew Hospital for the Chronic Sick and is unlikely to be released in the foreseeable future. He also has not responded to the Committee's most recent letter, dated February 9, 2006, inquiring as to the current condition of his health.

Accordingly, since it is clear that he is currently unable to participate in this disciplinary proceeding due to illness, respondent should be suspended from the practice of law pursuant to 22 NYCRR 603.16 (c) (1) until a determination of his capacity to continue the practice of law is made in accordance with 22 NYCRR 603.16 (b) (see Matter of Feuerstein, 274 AD2d 223 [2000]).

TOM, J.P., ANDRIAS, WILLIAMS, MARLOW and GONZALEZ, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, for an indefinite period and until further order of this Court, as indicated.