[869 NYS2d 534]

In the Matter of MARK W. SCHER (Admitted as MARK WACLAW SCHER), an Attorney, Petitioner. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Respondent.

First Department, December 30, 2008

### APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin P. Culley* of counsel), for respondent.

*Adler & Stavros* (*Mark S. Adler* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

Petitioner Mark W. Scher was admitted to the practice of law

in the State of New York by the First Judicial Department on February 9, 1976, under the name Mark Waclaw Scher. At all times relevant to this proceeding, petitioner maintained an office for the practice of law within the First Judicial Department.

On or about March 17, 2008, the Departmental Disciplinary Committee served petitioner with 36 charges of professional misconduct arising out of his alleged neglect of five immigration matters and one divorce matter, and alleging that he made affirmative misrepresentations to his clients and the Committee in those matters.

Prior to submitting an answer to the charges, counsel for petitioner indicated that petitioner, a 62-year-old solo practitioner, was suffering from an illness and/or infirmity which rendered him incapable of practicing law or being able to adequately defend himself against the charges; and for those reasons, he would be seeking a medical suspension pursuant to 22 NYCRR 603.16.

Petitioner now seeks an order pursuant to 22 NYCRR 603.16 (b) (1): (1) suspending him from the practice of law for an indefinite period and until further order of the Court on the ground that he is incapacitated from continuing to practice law by reason of infirmity or illness, and directing that all pending disciplinary proceedings be held in abeyance during such period of time; and (2) sealing the file upon which this petition is based, particularly the documents and medical reports submitted in support of the petition herein, on the grounds that they contain confidential and private medical information to which the general public need not have access.

Petitioner filed his motion pursuant to 22 NYCRR 603.16 (b) (1) rather than pursuant to 22 NYCRR 603.16 (c) (1), which, on its face, appears to be the more applicable provision since it applies when the *attorney*, during a disciplinary proceeding, raises the issue that he is suffering from a disability by reason of physical or mental infirmity or illness, or because of addiction to drugs or intoxicants, which makes it impossible for him to adequately defend himself. By contrast, 22 NYCRR 603.16 (b) (1) usually pertains when the *Committee* asks this Court to determine whether an attorney is incapacitated from continuing to practice law by reason of physical or mental infirmity or illness or because of addiction to drugs or intoxicants. In doing so, this Court may direct the attorney to undergo an examination by an expert we select and, after consideration, if we conclude

that the attorney is incapacitated from continuing to practice law, then we indefinitely suspend the attorney and hold the disciplinary proceeding in abeyance.

In support of the instant petition, petitioner has submitted office notes from his treating psychiatrist and psychiatric reports from his expert and the Committee's expert. All three psychiatrists concluded that petitioner was temporarily disabled, unable to resume his professional duties, and "could not possibly assist his attorney in the preparation of a defense to the disciplinary charges which have been filed against him." The Committee's expert, disagreed only with the conclusion that petitioner is unable to defend himself against the charges.

The Committee joins in petitioner's application for a medical suspension stating that it agrees with the petitioner that he does not presently possess the mental capacity to practice law, based upon petitioner's admissions and the findings of the experts. In addition, the Committee avers that it fully expects petitioner would raise the same medical defense at a hearing before a referee and it believes the claim is meritorious. The Committee takes no position with respect to petitioner's request to seal the file.

Petitioner's counsel has submitted his own affirmation wherein, among other things, he advises that at the present time, petitioner is fully retired from the practice of law having resigned from his employment on or about December 6, 2007, and he spends his days obtaining treatment and has no current plans to practice law.

In view of the medical evidence that petitioner is incapacitated from practicing law and the concurrence of the Committee in petitioner's application, his petition for suspension should be granted and he should be suspended pursuant to section 603.16 (c) (1) (*Matter of Broydes*, 29 AD3d 247, 249 [2006]; *see Matter of Jordon*, 202 AD2d 141 [1994] [written reports from respondent's treating psychiatrist and respondent's affidavit regarding severe depression sufficient to establish attorney's inability to continue to practice law]; *Matter of Deull*, 180 AD2d 366 [1992] [same]). The actual subdivision that petitioner moved under is of no moment (*see e.g. Matter of Eubank*, 293 AD2d 41, 42 [2002] [after charges were served the respondent raised issue of mental illness leading Departmental Disciplinary Committee to seek suspension under section 603.16 (b) *and* (c), but Court suspended respondent under section 603.16 (c) "since respondent claimed a disability during the course of this proceeding"]).

Accordingly, the petition should be granted to the extent of issuing an order pursuant to 22 NYCRR 603.16 (c) (1) suspending petitioner from the practice of law, effective immediately, for an indefinite period of time and until further order of this Court (*Matter of Hirshon*, 21 AD3d 102 [2005]), and granting petitioner's request to seal the file upon which this application is based.

LIPPMAN, P.J., MAZZARELLI, WILLIAMS, BUCKLEY and RENWICK, JJ., concur.

Petitioner suspended from the practice of law in the State of New York, effective the date hereof, until the further order of this Court and the underlying disciplinary proceeding held in abeyance, as indicated.