[883 NYS2d 34]

In the Matter of DAVID GOLDSTEIN, an Attorney, Respondent.
DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 2, 2009

## APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jeremy S. Garber* of counsel), for petitioner.

*Richard M. Maltz* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent David Goldstein was admitted to the practice of law in the State of New York by the First Judicial Department on October 30, 1989. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Judicial Department.

On October 7, 2008, the Departmental Disciplinary Committee served respondent with a notice and statement of charges alleging that he failed to promptly consummate a settlement in a wrongful death and medical malpractice case, and made oral and written misrepresentations to the United States District Court for the Eastern District of New York and to the Committee. On October 29, 2008, respondent's counsel contacted the Committee and the referee appointed to hear the matter, asking that the charges be held in abeyance for medical reasons. In support, respondent submitted medical records and reports, and his own affidavit, explaining that his disabling physical infirmity was the result of a March 2004 automobile accident and subsequent surgery on his spine, which have resulted in constant pain. Respondent averred that due to this pain, as well as the medications he must take for it, his judgment and mental acuity have been impaired. Respondent's treating physician provided numerous medical records and also submitted a narrative report dated December 2, 2008, in which he stated that respondent suffers from both physical injuries and mental impairments attributable to chronic pain from his spinal condition and his consequential long-term use of pain medication. In his affidavit, respondent asserted that he was unable to adequately defend himself with regard to the disciplinary charges and acknowledged his understanding that this would result in his interim suspension pursuant to 22 NYCRR 603.16 (c). Respondent also averred that, since his accident, he had essentially discontinued the practice of law, turning over his existing cases to other lawyers and ceasing to take on new matters.

The Committee now moves for an order, pursuant to 22 NYCRR 603.16 (c), suspending respondent from the practice of law for an indefinite period of time, and until further order of the Court, on the ground of physical disability. The Committee accepts the representation of respondent and his physicians that he is suffering from a physical disability which makes it impossible for him to adequately defend himself against the pending disciplinary charges. The Committee also notes respondent's understanding, expressed in his affidavit, that his suspension based upon his disability will continue until such

time as he seeks reinstatement under 22 NYCRR 603.16 (e) and (f), at which time he must sustain the burden of demonstrating that he has regained his capacity to practice law.

In response, respondent's attorney states that, while respondent does not admit to any of the allegations set forth in the charges against him, he does not oppose the Committee's application. In addition, respondent reserves the right, after he is physically able to defend himself and this Court grants him the right to do so upon a proper application, to fully defend against the disciplinary charges.

In light of the foregoing, we conclude that respondent is currently unable to participate in the disciplinary proceeding pending against him due to his physical disability, and that, in accordance with 22 NYCRR 603.16 (c) (1), he should be suspended from the practice of law on that ground for an indefinite period until such time as he is physically and mentally able to participate in the disciplinary proceeding against him (*see Matter of Broydes*, 29 AD3d 247 [2006]; *Matter of Fusco*, 18 AD3d 81 [2005]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law in the State of New York for an indefinite period until such time as he is physically and mentally able to participate in the disciplinary proceeding against him and until further order of this Court.

MAZZARELLI, J.P., ANDRIAS, FRIEDMAN, RENWICK and FREEDMAN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until further order of this Court, and the underlying disciplinary proceeding held in abeyance, as indicated.