[945 NYS2d 558]

In the Matter of Jacob Rabinowitz, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, June 7, 2012

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin P. Culley* of counsel), for petitioner.

*Hinshaw & Culbertson LLP* (*Hal R. Lieberman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Jacob Rabinowitz was admitted to the practice of law in the State of New York by the First Judicial Department

on November 26, 1951. At all times relevant herein, respondent has maintained an office for the practice of law within the First Department.

Respondent seeks an order pursuant to 22 NYCRR 603.16 (c) (1), temporarily suspending him from the practice of law on the ground that he is suffering from a disability by reason of physical infirmities which make it impossible to adequately defend himself against eight charges of professional misconduct made in a complaint filed against him with the Departmental Disciplinary Committee (the Committee).

Respondent, who is 83 years of age, has submitted medical records which indicate that he is suffering from a combination of ailments which have rendered him disabled. The Committee has consented to the relief requested by respondent.

In addition, respondent has submitted a supplemental affidavit in which he states that 16 of his 22 open client matters have been transferred to substitute counsel; four have been resolved and closed and the remaining two are the subjects of motions for leave to withdraw. Accordingly, the Committee is not requesting an order appointing counsel to inventory respondent's files and take the necessary measures to protect his client's interests (*see* 22 NYCRR 603.16 [d]).

As respondent is unable to participate in this disciplinary proceeding against him due to his admitted medical infirmities, an order should be entered pursuant to 22 NYCRR 603.16 (c) (1) immediately suspending him until further order of this Court (*see Matter or Hirshon*, 21 AD3d 102 [2005]).

Accordingly, respondent's application should be granted and respondent suspended from the practice of law for an indefinite period of time and until further order of this Court upon the ground that he is suffering from a disability by reason of physical infirmities which makes it impossible for him to adequately defend himself in the pending disciplinary proceeding.

FRIEDMAN, J.P., SWEENY, DEGRASSE, ABDUS-SALAAM and ROMÁN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until the further order of this Court and the underlying disciplinary proceeding held in abeyance, as indicated.