*69 OPINION OF THE COURT
Per Curiam.
Respondent Stoddard D. Platt was admitted to the practice of law in the State of New York by the First Judicial Department on March 30, 1964. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.
Respondent was served with formal charges alleging four counts of professional misconduct. A hearing was held before a Referee who issued his report in late January 2012. The Referee found that respondent was guilty of violating the Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) by making materially false statements on two applications for life insurance with death benefits totaling $5 million in an insurance deal that netted him $255,000. Respondent deposited these sums into his escrow account. The Referee did not sustain the charge alleging misuse of respondent’s escrow account by depositing these personal funds into a subaccount of his interest-bearing escrow account in his son’s name in violation of DR 9-102 (22 NYCRR 1200.46). The Referee adopted the Disciplinary Committee’s recommendation for a six-month suspension based upon respondent’s dismissive attitude towards the previous admonition he had received for prior misuse of his escrow account.
A Hearing Panel heard oral argument and issued its decision on April 20, 2012. The Panel reversed the Referee’s finding on the violation of DR 1-102 (a) (4), finding instead that respondent violated DR 9-102 (a) and (b) (1) [22 NYCRR 1200.46 (a), (b) (1)]) by failing to keep his personal funds in an account separate from client funds. The Panel also disagreed with the Referee’s recommended sanction and instead recommended a public censure.
On or about May 5, 2012, respondent’s daughter informed the Committee that the 79-year-old respondent had suffered a stroke and was currently in the intensive care unit of a hospital. On June 4, 2012, respondent was released to a nursing home where he currently resides. Thereafter, respondent’s daughter advised the Committee that his law office and practice were closed, that respondent’s memory and cognitive capacities were limited, and his prognosis was uncertain. In late fall 2012, respondent revoked the power of attorney he had given his daughter.
In December 2012, respondent informed the Committee that he was planning to move from the nursing home into an as *70 sisted living facility where he would resume the practice of law, which move never took place. On March 1, 2013, the Committee requested that respondent submit certification from his treating physician that he was mentally and physically fit to practice law.
By letter dated April 16, 2013, Dr. Prem Singla from the Hebrew Home for Aged in Riverdale stated that respondent had resided there since June 4, 2012 and that he was respondent’s treating physician since that date. Dr. Singla also stated that “[d]ue to [respondent’s] medical condition he is not physically or mentally fit to practice law at this time” but that respondent “can be reevaluated in the future to assess his capacity.” Respondent advised the Committee that he agreed with Dr. Singla’s evaluation and recommendation for future evaluation. Nevertheless, he restated his opposition to the entire disciplinary proceeding, asserting that his 45 years of practice should have been considered; that he did not have the financial resources to retain counsel and that he would continue to represent himself; and that he intended to submit opposition papers to both the Referee and Hearing Panel Reports when they are submitted to the Court.
The Departmental Disciplinary Committee moved, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.16 (b) (1) for an order pursuant to 22 NYCRR 603.16 (c) (1) immediately suspending respondent from the practice of law on the ground that he is incapacitated from practicing law by reason of physical or mental infirmity, and directing that all pending disciplinary proceedings be held in abeyance during such period of time.
22 NYCRR 603.16 (b) (1) authorizes the Committee to bring a petition “to determine whether an attorney is incapacitated from continuing to practice law by reason of physical or mental infirmity or illness.” 22 NYCRR 603.16 (c) (1) provides:
“If, during the course of a disciplinary proceeding, the respondent contends that he is suffering from a disability by reason of physical or mental infirmity or illness . . . which makes it impossible for the respondent adequately to defend himself, this [C]ourt thereupon shall enter an order suspending the respondent from continuing to practice law until a determination of the respondent’s capacity to continue the practice of law is made.”
Dr. Singla’s assessment of respondent’s condition, as well as respondent’s agreement with that assessment, demonstrates *71 that he is not physically or mentally fit to practice law. Concomitantly, this disability also would prevent respondent from being able to defend himself in the current proceeding.
Respondent, pro se, has submitted a one-page, unsworn response in opposition to the Committee’s motion. This response ignores the issues in the motion before us and states, inter alia, that this matter “involves the Supreme Court of the United States,” that the “gross sum of money involved is 28 billion US Dollars,” and that, on “information and belief the US Supreme Court has issued a ‘gag’ order prohibiting disclosure of any aspect of the matter.” It is silent with respect to Dr. Singla’s conclusion that respondent is currently unfit to practice law. If anything, it lends support for Dr. Singla’s opinion (Matter of Serpe, 106 AD3d 112 [1st Dept 2013]; Matter of Fusco, 18 AD3d 81 [1st Dept 2005]; Matter of Eubank, 293 AD2d 41 [1st Dept 2002]).
Accordingly, the Committee’s motion to suspend respondent from the practice of law based upon physical or mental incapacity should be granted, effective immediately, and until further order of this Court, and all disciplinary proceedings should be held in abeyance until respondent provides sufficient evidence to establish that he is no longer incapacitated.
Tom, J.E, Sweeny, Saxe, Freedman and Clark, JJ., concur.
Respondent suspended from the practice of law in the State of New York, effective the date hereof for an indefinite period of time, and proceeding held in abeyance until further order of this Court, as indicated.