OPINION OF THE COURT
Per Curiam.
Respondent Claudine K. King was admitted to the practice of law in the State of New York by the Second Judicial Department on July 21, 2004. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
The Departmental Disciplinary Committee (Committee) filed a motion seeking respondent’s immediate suspension from the practice of law. Respondent has cross-moved asking this Court to deny the Committee’s motion, and, instead, to accept her resignation effective immediately pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.11. She also seeks to have the motion papers sealed and treated as confidential.
In respondent’s affidavit of resignation, sworn to on October 9, 2013, she avers that she has consulted with her attorney and has decided that, as a result of a pending disciplinary investigation, her resignation as an attorney is appropriate at this time. Respondent’s affidavit of resignation conforms with 22 NYCRR 603.11 insofar as she states that her resignation is submitted voluntarily and that she is fully aware of the implications of submitting her resignation. She describes the allegations against her which state, among other things, that she failed to turn over client funds, and her belief that if the Committee brought charges predicated upon the alleged conduct, she would be unable to successfully defend herself on the merits (see 22 NYCRR 603.11 [a] [l]-[3]; Matter of Hollander, 109 AD3d 239, 240 [1st Dept 2013]; Matter of Thillet, 100 AD3d 223 [1st Dept 2012]).
Inasmuch as respondent’s affidavit of resignation conforms with 22 NYCRR 603.11, the respondent’s cross motion should be granted to the extent of accepting respondent’s resignation from the practice of law, and striking her name from the roll of attorneys nunc pro tune to October 9, 2013, the date the affidavit was sworn to.
The Committee’s motion for an interim suspension pursuant to 22 NYCRR 603.16 (b) (1) is unnecessary since we have accepted respondent’s disciplinary resignation; by which respondent is precluded from practicing law for seven years.
*116 We further grant the cross motion to the extent of sealing the motion file in this matter (see Matter of Scher, 59 AD3d 47 [1st Dept 2008]).
Accordingly, respondent’s cross motion is granted to the extent of accepting respondent’s resignation from the practice of law in the State of New York, and striking her name from the roll of attorneys, effective nunc pro tune to October 9, 2013 (the date the affidavit was sworn to), and sealing the file upon which the motion and cross motion are based. The Committee’s motion is denied.
Sweeny, Jr., J.P., Renwick, Moskowitz, DeGrasse and Gische, JJ., concur.
Interim suspension denied. Leave to resign pursuant to 22 NYCRR 603.11 granted, and respondent’s name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tune to October 9, 2013, filed sealed as indicated, and otherwise denied.